# D. V. LINDSAY, Respondent, v. F. W. SMITH, Appellant.

### Kansas City Court of Appeals, March 2, 1914.

1. **DAMAGES: Insufficient Area: Shortage in Acreage.** The plaintiff sued to recover damages for a deficiency in the area of land, which defendant conveyed to him by warranty deed. The defendant platted a certain tract of land, filed the plat according to the statute, and then conveyed two lots to plaintiff containing 19¾ acres, while in reality they contained 17¾ acres. *Held* that the plaintiff was entitled to recover for the shortage regardless of whether the errors were due to design or mistake.

2. ————: **Reference to Maps or Plats in Deeds.** A reference to a map or plat in the description of a lot or tract of ground incorporates such map or plat in the deed.

3. **EVIDENCE: Contemporaneous Oral or Written Agreements.** In an action for a breach of warranty in a deed the evidence of prior or contemporaneous oral or written agreements are inadmissible since such agreements become merged in the deed, which must be accepted as the final and exclusive contract between the parties.

4. **WARRANTY DEEDS: Descriptions: Courses, Distances and Monuments.** Where a description in a deed contains a statement of quantity, courses, distances and monuments, in case of conflict, the monuments will control, and in such case proof that distances or quantities are short does not prove that the grantee did not get what his deed calls for.

5. ————: ————: **Statement of Number of Acres.** Where a description is by metes and bounds, by sections, or quarter sections, according to government survey, followed by the number of acres the description controls and an erroneous statement of the number of acres in the land conveyed does not constitute a breach of warranty.

5. ———: ———. Between the purchaser of a lot and one who promulgates a plat describing and defining the lots thereof, the purchaser will not be held at his peril to ascertain whether or not the plat agrees with the original survey of the land subdivided and platted; but he is justified in assuming that the plat is correct and that the lot or lots purchased by him are of the dimensions, and are bounded by the courses and districts as indicated on the plat, to which, for particulars, his deed must refer when the lot number alone is given in the deed.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris*, Judge.

AFFIRMED.

*McBaine & Clark* for appellant.

*Harris & Finley* for respondent.

JOHNSON, J.—Plaintiff sued to recover damages for an alleged deficiency in the area of land defendant conveyed to him by warranty deed. The cause pleaded in the first count of the petition is a breach of warranty and in the second, false and fraudulent representations respecting the acreage of the tract. A jury was waived and after hearing the evidence the court found for plaintiff on the first count and for the defendant on the second. Judgment was rendered accordingly and defendant appealed. The judgment is founded on the conclusion that the land was warranted in the deed to contain 19¾ acres while, in fact, it fell two acres short.

The land in question is part of a larger tract platted by defendant as an addition to the city of Columbia under the name of ''F. W. Smith's subdivision of part of southwest quarter of section 14, township 48, range 13.'' The plat filed August 9, 1910 was made, acknowledged and filed by defendant in accordance with the provisions of Chapter 97, Revised Statutes 1909, and purported to give an accurate map of the addition, ''particularly setting forth and describing, *first,*

all parcels of ground within the addition reserved for public purposes by their boundaries, course and extent, and, second, all lots for sale by numbers, and their precise length and width." Thirty-seven lots are shown and their respective positions, dimensions and areas are given. Our concern is with lots one (1) and fifteen (15) which, together, occupy the entire north end of the addition to a width of approximately seven chains. Lot one (1) is in the northeast corner of the addition and is stated to contain six and five-tenths acres and to be bounded by lines of the following respective lengths: On the east 7.10 chains; on the north 8.65 chains; on the west 7 chains, and on the south 9.50 chains. Immediately west is lot fifteen (15), stated on the plat to contain 13¼ acres. The lengths of the boundaries of this lot are also shown and it may be said that the stated dimensions of both lots indicate a total area of 19¾ acres. The only monument shown on the map or referred to in the appended description is the center of the section from which point the survey was begun. With the exception of the south end of the west boundary the addition is shown to be surrounded by streets or roads. A street just south of lot one (1) penetrates the addition from the east, a distance of ten chains or more, turns south and continues on to the south boundary where it enters one of the mentioned roads.

Following the platting of the addition, defendant, on January 7, 1911, entered into a written contract with plaintiff by the terms of which he sold and conveyed the lots in controversy for the consideration of $4250. The description in the contract was "Lots number one (1) and fifteen (15) of F. W. Smith's subdivision part of southwest quarter of section fourteen (14) township forty-eight (48) range thirteen (13) west, containing in all twenty acres."

It will be observed that the agreed consideration was at the rate of $212.50 per acre. In a letter ac-

companying the delivery of the abstract of title defend-
ant spoke of having discovered that the tract contained
19¾ acres, instead of twenty acres as stated in the
contract, and said: "We will adjust this when we set-
tle." Afterward defendant executed, acknowledged
and delivered to plaintiff a general warranty deed in
which, expressed consideration of $6,000, he conveyed
the title to the lots described in the deed as "lots one
(1) and fifteen (15) of F. W. Smith's subdivision part
of southwest quarter of section fourteen (14) town-
ship forty-eight (48), range thirteen (13) west, as same
appears of record in the office of recorder of deeds in
and for Boone County, Missouri."

The actual consideration paid by plaintiff was
$4,196.87, or, at the rate of $212.50 per acre for a tract
containing 19¾ acres. Afterward plaintiff had the
lots surveyed and inaccuracies were discovered in the
dimensions shown on the plat which reduced their ac-
tual area to a fraction less than 7¾ acres. The court,
however, put the shortage at two acres and awarded
damages on a valuation of $212.50 per acre.

We are indebted to counsel for briefs and argu-
ments presenting the respective positions and conten-
tions of the parties with singular clearness and ability.
Plaintiff concedes the point of defendant that as to
the cause on which the judgment was recovered, i. e.,
a breach of warranty, the evidence of prior or con-
temporaneous oral or written agreements was inadmis-
sible since such agreements became merged in the deed
which must be accpted as the final and exclusive con-
tract between the parties. [Vivion v. Hendricks, 118
Mo. App. 417, and cases cited.] But the evidence
against which the point is directed was relevant to the
cause pleaded in the second count, was properly ad-
mitted at a time when that cause was under judicial
inquiry, and since it appears that the court ignored it
in solving the issues involved in the first count, its ad-

mission cannot be regarded as prejudicial to any right of defendant.

Point is made by defendant and conceded by his adversary "that reference to a map or plat in the description of a lot or tract of ground incorporates such map or plat in the deed," citing Shelton & Heatherly v. Maupin, 16 Mo. 124; Dolde v. Vodicka, 49 Mo. 98; Nichols v. Furniture Co., 100 Mich. 230; Bank v. Stewart, 93 Va. 447; Quade v. Pillard, 135 Ia. 359; Railroad v. Antalics, 81 N. J. L. 685; Neumeister v. Goddard, 125 Wis. 82. Other points made by defendant and conceded by plaintiff thus are stated in the brief of the latter.

"Where a description in a deed contains a statement of quantity, courses and distances and monuments, in case of a conflict, the monuments will control, and in such case proof that distances or quantities are short does not prove that the grantee does not get what his deed calls for.

"Where the description in a deed shows a sale in gross and the grantee gets all the land called for there is no warranty of quantity in the absence of a special warranty, even though the quantity stated is not contained in the land actually described.

"Where land is described as bounded by the lands of others, as called for in such description, the lines of the land of the adjoining owners will control a call for distance or quantity.

"We admit the correctness of the ruling in the case of Hendricks v. Vivion, 118 Mo. App. 417, to the effect that where a description is by metes and bounds, by sections, or quarter sections according to government survey, followed by the number of acres, the description controls and an erroneous statement of the number of acres in the land conveyed does not constitute a breach of warranty.

178 Mo. App. 13

''We also agree with counsel for appellant in the following statement: 'We concede that if the deed described actually or by reference (which is the same thing), a tract of land or lots that plaintiff did not get, there has been a breach of warranty.' And this appeal having to do with the first count of the petition only, which is an action at law for breach of warranty, we likewise agree that 'plaintiff's rights must be determined by the deed to the land in question.' ''

These concessions of legal propositions proceed from a proper view of the law and reduce the debatable ground of the case to a very narrow compass.

Taking the deed and the recorded plat which it adopts and incorporates as embracing all of the determinative facts of the case, the final question for our decision is this: Conceding for argument that reference is made in those instruments to monuments and that ordinarily boundaries fixed by monuments must prevail over statements of distances or quantities, should that rule obtain in a case where the grantor is the person who executed and filed the plat to which express reference is made in the deed?

Paraphrasing what was said in City of Cleveland v. Bigelow, 98 Fed. 1. c. 249, it has been the policy of legislation in this State for many years to encourage the making and recording of plats for cities, towns and villages, and for additions to such municipalities. Section 10290, Revised Statutes 1909, requires that in platting a city or an addition thereto, the proprietor ''shall cause to be made out an accurate map or plat thereof, particularly setting forth and describing: First, all parcels of ground within such town, village or addition reserved for public purposes by their boundaries, course and extent, whether they be intended for avenues, streets, lanes, alleys, commons or other public uses; and, second, all lots for sale, by numbers, and their precise length and width.'' The next section provides for the acknowledgment and recording of the

plat by the proprietor and the approval thereof by the city.

These provisions impose on the proprietor in the most positive terms the duty of making an accurate map or plat and among the things that must be stated and accurately stated are "the precise length and width" of each lot to be offered for sale. A subsequent purchaser of a lot from a proprietor charged with the performance of such duty, has a right to rely upon the fidelity of the recorded plat and to assume as true facts the law demands shall be stated in the plat with accuracy. He is not required to employ a surveyor to test the accuracy of such compulsory statements. As was well said in McCall v. Davis, 56 Pa. St. 431: "It is a most graceless answer on the part of the founder that he (the purchaser) might have tested the accuracy of the plan before he bought. To ask the purchaser of each lot to survey a whole village plan would be to disappoint the expectation of the founder himself, for he would make but few sales on such terms. In such case, the absence of willful fraud on the part of the vendor will not relieve him from the injury his mistake has entailed upon others."

Our own Supreme Court has settled the question adversely to the position of defendant in the case of Whitehead v. Atchison, 136 Mo. l. c. 496: "Between the purchaser of a lot and one who promulgates a plat describing and defining the lots thereof, the purchaser will not be held at his peril to ascertain whether or not the plat agrees with the original survey of the land subdivided and platted; but he is justified in assuming that the plat is correct, and that the lot or lots purchased by him are of the dimensions, and bounded by the courses and distances as indicated on the plat, to which, for particulars, his deed must refer, when the lot number alone is given in the deed. Every prompting of fair dealing, as every consideration of equitable estoppel, operates to deny defendant the benefit of the

alleged secret, hidden cornerstones, to establish the lot line between lots 1 and 4 as against the boundary indicated by the courses and distances named in the plat, as well as in the description in the deeds affecting said lots, referring to that instrument for particulars.''

So in the present case, every prompting of fair dealing, as every consideration of equitable estoppel, operates to deny defendant the benefit of monuments referred to in the recorded plat, to destroy and rob of all legal significance and effect, statements of dimensions and of consistent areas made by the proprietor in avowed compliance with a most positive statutory mandate. Such statements must be regarded as being in the nature of covenants or warranties, instead of mere representations.    In legal effect, defendant covenanted with his grantee that the courses and consequent areas of the lots were accurately described on the plat, and plaintiff is entitled to recover for the shortage regardless of whether the errors were due to design or mistake.    The judgment is for the right party and is affirmed.

All concur.