## GROMACKI v. ARMOUR & CO.
### No. 4957.

District Court, W. D. Missouri, W. D.
March 22, 1948.

C. W. Prince, of Kansas City, Mo., for plaintiff.

Watson, Ess, Barnett, Whittaker & Marshall, of Kansas City, Mo., for defendant.

REEVES, District Judge.

The defendant has filed a motion (which under the new practice performs the office of a demurrer) to dismiss. The reason for the motion is briefly stated, "because the complaint fails to state a claim against the defendant upon which relief can be granted." To rule intelligently upon the motion it is necessary to examine the complaint to ascertain whether under any circumstances the plaintiff is entitled to the relief sought.

The action is for damages for alleged fraud and deceit. It is claimed by the plaintiff that he was employed by the defendant "as a workman in the box factory of its plant, operating a circular or rip saw." Later, to wit, in the year 1925, "it was represented to plaintiff by the boss of the department in which plaintiff worked, that * * * if he worked continuously for the company until he was 65 years of age, then he would be permitted to retire and receive from the company a pension sufficient to meet his living expenses." And, again, it is averred in the complaint, "That in the year 1942, plaintiff asked the foreman of his department to increase his pay or salary, but was refused, said foreman stating to plaintiff, who was then 60 years old, that if plaintiff would remain in the employ of defendant five more years and until he was 65 years old, that he would then be entitled to retire and receive a pension of about $80.00 a month." It was then alleged, "Plaintiff relied upon said representation, and because thereof, abandoned future efforts to obtain increased compensation for his services, or to obtain employment elsewhere." There were further averments "that plaintiff thereafter worked continuously for the defendant until October 10, 1945" at which time he was discharged. He says that he was then 64 years old, "able-bodied, and without physical disability." Plaintiff alleges "that the representations of the defendant above narrated were false in that defendant's pension plan or system did not cover the class of employees to which plaintiff belonged, that the representations and statements made with reference thereto, as above set forth, were false and fraudulent, and made for the purpose of inducing plaintiff to continue to work for the defendant at a compensation less than what he could otherwise have received elsewhere for his services. That plaintiff relied upon said representations, and so relying, continued to work until he was about 64 years old, when he was wrongfully discharged, * * *."

For the above alleged wrongful acts the plaintiff seeks both actual and punitive damages. Counsel for defendant in his brief says that the promises alleged to have been made were based upon a future contingency and therefore were not such fraud or deception relating to a present matter and such as to create a cause of action.

■ 1. It is alleged by the plaintiff that in the course of his employment it was represented to him at one time by a "boss" and another time by a "foreman" of the defendant that if he continued his employment till he attained the age 65 years,

he would receive a pension from the defendant. This was a representation of an alleged existing fact and was not in its nature a mere promise of something to occur in futuro. The plaintiff says that he relied on such representation and continued his employment in the expectation that he would be the beneficiary of a current subsisting arrangement or system. Such representations were untrue as it is alleged and were known to have been untrue, so plaintiff says, at the time they were made. This is sufficient to state a cause of action.

2. A serious question arises, however, whether the "boss" and "foreman" making such representations acted within the scope of their employment in practicing a claimed deception upon the plaintiff. The first representation was made in the year 1925 by the plaintiff's then-boss. That was approximately 22 years before suit was filed. The arrangement or system, if it existed, was necessarily a part of the contract of employment, and such representations could only be properly made by the agent who hired plaintiff.

The plaintiff began his employment in the year 1912. It is not alleged that the contract of employment was made by the boss or foreman who made the wrongful representations to him. Whatever arrangement the defendant may have made for providing old age pensions for its employees undoubtedly such arrangements were outlined, published and regularly communicated to the employees who were potential beneficiaries of the plan. Such arrangements were perfected by the proper authorities of the defendant, such as its board of directors, and it does not seem reasonable that the boss or a foreman of any department would be clothed with authority or power to misrepresent the arrangement. This suggestion is reinforced by the fact or circumstance that the plan was a familiar one and that any effort at deception could be immediately detected. Moreover, it is the rule in such cases that the representation, when made, must be false and such falsity known by the one who makes the representation and that the one to whom the representation is made relies upon such false representation. 37 C.J.S., Fraud, § 27.

It does not seem reasonable that with an arrangement of the kind mentioned (which must have been familiar to many, if not to all, of the employees) that the boss or foreman could believe that the plaintiff would rely upon such representations.

The petition or complaint does not aver that the boss and foreman were clothed with authority by the defendant to make the representations alleged.

3. The plaintiff was first advised of the pension plan in 1925. The statement of a foreman in 1942 was merely a confirmation of representations that had been made to the plaintiff seventeen years before. Section 1014, R.S.Mo.1939, Mo.R.S.A., fixes limitation upon actions of this kind. The period of limitation is 5 years from the time the fraud is discovered by the aggrieved party, and the statute further provides that such discovery must be made within 10 years of the time the facts constituting the fraud were perpetrated or false representations made. The plaintiff was relying on representations made in 1925. Aside from the question as to whether or not he should rely on such representations he had 10 years in which to discover the falsity of the representations and then, after such discovery, he had 5 years in which to bring the suit. The maximum period is 15 years. It would follow that his action in this case is barred by said section.

4. The representations alleged to have been made to plaintiff were very important to him. The means of knowledge were at hand. It would have been a simple matter for him to have made inquiry of the proper authorities touching his rights and it is the rule that where a party fails to avail himself of means of knowledge within his reach he cannot complain if he is defrauded. Weitzman v. Weitzman, Mo., 156 S.W.2d 906. Moreover, under the authorities, it was the duty of the plaintiff in his complaint to aver and show that he used due diligence to detect the fraud and the rule is that if he had the means of discovery in his power he would be held to have had constructive knowledge. State ex rel. v. Musick, 145 Mo.App. 33, 130 S.W. 398.

Again, the essential elements of the fraud and deceit must be alleged and strictly proved. Equitable Life Ins. Co. v. Halsey Stuart & Co., 7 Cir., 112 F.2d 302, loc.cit. 308, and the burden is on the plaintiff to establish the fraud by clear, convincing and satisfactory evidence. Equitable Life Ins. Co. v. Halsey Stuart & Co., supra.

It was said in the City of Del Rio v. Ulen Contracting Corporation, 5 Cir., 94 F.2d 701, loc.cit. 703, "One cannot close his eyes to the obvious and then claim to be deceived."

A contract of employment is just like any other contract; it is not an arrangement of trust and confidence. If the contract tendered by the employer is doubtful or ambiguous it should be construed more strongly against the employer.

It does not appear from the averments of the complaint that the plaintiff can state a cause of action upon which he may hope to recover. This being true, it is the duty of the court to sustain the motion to dismiss and this will be done.