MODERN ENTERPRISES, INC., d/b/a
Cloud 9 Ranch and Cloud 9 Ranch
Club, Inc., Appellants,

v.

Steve ALLEN and Areaco Investment
Corporation, Appellees.

No. 86–1260.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1986.

Decided Oct. 1, 1986.

James R. Wyrsch, Kansas City, Mo., for appellants.

Robert K. McDonald, Blue Springs, Mo., for appellee Steve Allen.

Dana Hockensmith and Carol Bader, Hillsboro, Mo., for appellee Areaco Inv. Corp.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

Modern Enterprises, Inc., appeals from a directed verdict in this contract interference case. For the reasons set forth below, we affirm.

Modern Enterprises owns Cloud 9 Ranch, a recreational resort in Ozark County, Missouri. Members own an undivided 1/6000 interest in the club, as tenants in common, under a contract for deed. Areaco Investment Company, Inc., owns Rocky Ridge Ranch in Ste.Genevieve County, Missouri, which offers "right to use" memberships. From approximately February to June, 1984, Steve Allen, as sales manager for Ralph Frazier and Associates, handled all sales and marketing for Rocky Ridge.

In March, 1984, Otto and Margaret Moore, owners at Cloud 9, received a flyer advertising Rocky Ridge. The Moores became interested in Rocky Ridge because it was closer to their home than Cloud 9. They informed Rocky Ridge sales people, however, that they could not afford memberships in both resorts. Thereafter, Steve Allen called Cloud 9 and told an employee that he represented the Moores and that due to old age and poor health, they desired relief from their membership contract. Allen also stated that Cloud 9 may have made some misrepresentations to the Moores at the time of sale.

The Cloud 9 employee forwarded the information to her supervisor. Cloud 9 cancelled the Moores' contract without any investigation into the Moores' health or otherwise. Allen made similar requests of Cloud 9 on behalf of Gary West and Mrs. William Fossi; however, neither membership was cancelled.

Modern Enterprises brought an action against Areaco and Allen, alleging fraudulent misrepresentation, interference with contract, and violation of RICO. It also sought injunctive relief against Allen. The district court directed a verdict against Modern Enterprises.

### Discussion

The question before us is whether there was sufficient evidence to allow this case to be submitted to a jury. A directed verdict is appropriate only when all of the evidence points one direction and when there is no reasonable interpretation to sustain the position of the nonmoving party. *J.E.K. Industries, Inc. v. Shoemaker,* 763 F.2d 348, 352 (8th Cir.1985).

### Tortious Interference with Contract

█ To recover for tortious interference with contract, plaintiff must prove:

a) existence of a valid contract;

b) defendant's knowledge of the contract;

c) intentional interference by defendant which induces or causes breach;

d) absence of justification; and

e) damages.

*Squirtco v. Seven-Up Co.,* 628 F.2d 1086, 1092 (8th Cir.1980).

█ Modern Enterprises failed to prove tortious interference. The Moores did not breach their contract with Modern Enterprises; rather, Modern voluntarily cancelled it. While Modern's actions may have been prompted by Allen's phone call, that call cannot amount to torious interference with contract.

### Fraud

█ To establish a fraud claim, plaintiff must prove an intentional, false, material statement which the speaker intends the listener to rely on, and reasonable reliance by the listener. *United Industrial Syndicate, Inc. v. Western Auto Supply Co.,* 527 F.Supp. 869 (E.D.Mo.1981).

█ The evidence indicates that Allen made representations to a Cloud 9 employee regarding the Moores. There is no evidence that these allegations were false. Otto Moore testified that he and his wife were both older and had suffered from ill health. Further, although there is some evidence that Allen mentioned possible misrepresentations made by Cloud 9 to the Moores; however, there is no evidence whatsoever that these representations induced Cloud 9 to act. In fact, the Cloud 9 employee admitted that the Moores were released from their contract obligations with Cloud 9 due to their health problems and age. Therefore, Modern relied only on the representations regarding health and age. As a matter of law, no fraud can be found where the representations made are true. *Liese v. Sackbauer,* 222 S.W.2d 84, 87 (Mo.1949).

Further, a party who fails to avail himself of means of knowledge within his reach cannot complain that he was defrauded. *Gromacki v. Armour & Co.*, 76 F.Supp. 752, 754 (W.D.Mo.1948). The evidence indicates that Cloud 9 made no independent investigation of the circumstances surrounding the Moore's contract and Allen's role as their representative. Modern cannot complain of fraud where it had no right to rely on the representations made and where it failed to conduct even a cursory investigation of the facts.

Finally, we have considered Modern Enterprises' RICO claim, and find it to be without merit.

Affirmed.