Donald H. SCHWARTZ and Lucille Schwartz, Husband and Wife, Appellants,

v.

Harold H. LAWSON and Donna J. Armstrong, and RE/MAX Relators of Mid–Missouri, Inc., Respondents.

No. WD 42758.

Missouri Court of Appeals, Western District.

Sept. 25, 1990.

As Modified Oct. 25, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1990.

Robert C. Smith and William Jay Powell, Columbia, for appellants.

Robert J. Dierkes, Columbia, for Lawson & Armstrong.

Thomas M. Schneider, Columbia, for RE/MAX Realtors.

Before SHANGLER, P.J., and CLARK and BERREY, JJ.

SHANGLER, Presiding Judge.

The plaintiffs Schwartz appeal from the summary judgment entered against their petition and in favor of the defendants. The ground of judgment was that their action was barred by the limitations of §§ 516.100 and 516.120, RSMo 1986. The adjudication was determined on the pleadings and appended exhibits of the parties and the joint affidavit of the plaintiffs Schwartz.

The petition pleads that the plaintiffs Schwartz informed one Meyer, a salesman for RE/MAX Realtors, of their interest in the acquisition of a parcel owned by Lawson and Armstrong, provided the land consisted of 10 acres, more or less. The plaintiffs submitted a written proposal on a RE/MAX form for the purchase from Lawson and Armstrong of a 10 acre tract. The

prospective sellers supplied the plaintiffs with a recorded survey that described tracts 3 and 4, the subject of the transaction, to consist of .676 and 9.52 acres respectively. On September 19, 1979, Lawson and Armstrong executed a contract for the sale of the east 50 feet of tract 3 [approximately .225 acres according to the survey] and all of tract 4. Thus, reference to the survey provided by Lawson and Armstrong indicates a combined tract of roughly 9.75 acres. On October 29, 1979, Lawson and Armstrong [and the Lawson spouse] executed a warranty deed that conveyed the east 50 feet of tract 3 and the entirety of tract 4 of the survey to the plaintiffs Schwartz.

The petition pleads, and the Schwartz affidavit affirms, that the realtor and the sellers all represented to them that the tracts consisted of approximately 10 acres of land, and that they relied on the representations of acreage in the decision to purchase the land. They had no occasion to doubt the representations until September of 1986, when in the course of an application for rezoning—incidental to the plan to develop the property—they learned that the tract contained only seven and a fraction acres, rather than the 10 acres or so they believed they purchased. A survey done for them in February of 1987 confirmed that they had received only 7.14 acres. As a consequence, the affidavit concludes, a contract by them to sell an undivided one-half interest in the property, transacted on the assumption of 10 acres, was abandoned since the business contemplated for the site could not be conducted on a tract much smaller than 10 acres.

The Schwartz petition joined Lawson, Armstrong and RE/MAX as defendants. Lawson and Armstrong counterclaimed against the plaintiffs for the balance still due on their purchase money promissory note to them. The separate answer of each, Lawson and Armstrong, and RE/MAX, asserts the limitations period of § 516.120 in bar of the action for misrepresentation. RE/MAX, as agent, cross-claimed for indemnity from Lawson and Armstrong, as principals, for any amount adjudged due from them as agent to the plaintiffs Schwartz. The separate motions for summary judgment by each defendant followed, and then entry of summary judgment against the plaintiffs. Thereafter, the defendants Lawson and Armstrong dismissed their counterclaim against the plaintiffs Schwartz, so that the summary judgment became final for appeal. While appeal pended, the plaintiffs Schwartz stipulated with the defendant RE/MAX to dismiss with prejudice the petition and appeal as to the other. Our order of dismissal issued. The claim of the plaintiffs against the defendants Lawson and Armstrong on this appeal remains.

The precise ground articulated for the grant of summary judgment was the determination that any damages suffered by the plaintiffs Schwartz were capable of ascertainment at the time the real estate transaction was closed [on October 29, 1979] so that their action, commenced on August 24, 1988, was not within the 5 year period of §§ 516.100 and 516.120 and thus barred by limitations.

On this appeal, the plaintiffs Schwartz argue that an action in fraud does not accrue until the fraud is or can be discovered. They assert that even if the petition can be understood as such a pleading, the fraud was discoverable and discovered at the earliest in September of 1987, when in the course of an application for rezoning of the land they were informed that the parcel contained only seven and a fraction acres. Thus the action commenced on August 24, 1988—within 2 years of the discovery—was not barred by the limitations period of § 516.120. They argue also that the petition may be understood as a claim not merely in fraud, but also for breach of the covenants for title in the deed, and so subject to the 10 year limitation of § 516.110, rather than to the 5 year bar of § 516.120. The plaintiffs say that, in any event, the proof tendered by Lawson and Armstrong on the motion was not sufficient to adjudicate summary judgment against them.

The mild and halting disclaimer of the plaintiffs notwithstanding, the pleading of their undifferentiated petition alleges a cause of action in fraud against Lawson and Armstrong. *See Sofka v. Thal*, 662 S.W.2d 502, 506[2] (Mo. banc 1983). We defer discussion as to whether, as plaintiffs insist, the necessary implications of that single pleading also describe an action for breach of covenant of title, and hence are governed by the 10 year statute of limitations of § 516.110.

■ As a rule a cause of action accrues and the period of limitations begins to run when the right to sue on the action arises. *Chemical Workers Basic Union v. Arnold Sav. Bank*, 411 S.W.2d 159, 164[5] (Mo. banc 1966). That is to say, the period of limitations does not commence until an injury is complete as a legal injury. When an injury is not a legal injury until the consequences manifest, then under § 516.100 limitations begin to run "when the damage resulting therefrom is sustained and capable of ascertainment." *Rippe v. Sutter*, 292 S.W.2d 86, 90[10–13] (Mo.1956). An action for relief on the ground of fraud, however, accrues—not when the resulting damage is capable of ascertainment—but when the facts constituting the fraud are discovered. It is governed not by the limitations provisions of § 516.100, but by the limitations provisions of § 516.120(5):

Within five years:

. . . .

(5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

■ That special statute of limitations grants 10 years for the discovery of the fraud, and requires that an action commence within 5 years of discovery, but if the fraud is not discovered within 10 years, then the cause of action is deemed to have accrued at the end of that period and limi-

tations commence to run from that time, so that the action is barred in any event after fifteen years of the commission of the fraud. *Berry v. Dagley*, 484 S.W.2d 182, 184[2] (Mo.1972). In the assessment of when an action for fraud accrues—and hence when limitations commence—the courts construe § 516.120(5) to expect a plaintiff to act with due diligence to discover "the facts constituting the fraud." *Gilliam v. Gohn*, 303 S.W.2d 101, 107[6–10] (Mo.1957). Where the means for discovery exist, a plaintiff is deemed to know of the fraud, so that the period of limitations commences to run then. *Burr v. National Life & Accident Ins. Co.*, 667 S.W.2d 5, 7[2–5] (Mo.App.1984).

Accordingly, the summary judgment by the associate circuit court, which determines that the Schwartz pleading—as an action in fraud—accrues when the damages are capable of ascertainment and so is governed by the limitations period of § 516.100, rests on an erroneous conclusion of law. The order of the associate circuit court, which construes the limitations period of § 516.120 to apply to an action in fraud not from the discovery of the fraud, but from when the damages are ascertainable, also rests on an erroneous conclusion of law.

■ Summary judgment properly issues when there remains no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Landoll by Landoll v. Dovell*, 778 S.W.2d 846, 848[9] (Mo.App.1989). It is a suitable device for the summary adjudication of statute of limitations and other affirmative defenses. *Kennon v. Citizens Mut. Ins. Co.*, 666 S.W.2d 782, 784–85[3,4] (Mo.App.1983); *Herron v. Whiteside*, 782 S.W.2d 414, 416[2, 3] (Mo.App.1989). The party who moves for summary judgment bears the burden to show that no issue of material fact remains. And although [contrary to assertion] the quantum is no longer by proof that is unassailable, the right to summary judgment must clearly appear as a matter of law. *Hayes v. Hatfield*, 758

S.W.2d 470, 472[1] (Mo.App.1988). On review of a summary judgment, we examine the record in the light most favorable to the party against whom judgment was rendered. We nevertheless will sustain the summary judgment if it is supportable on any theory advanced by the movant. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 243–44[2–5] (Mo. banc 1984).

The motion for summary judgment by the defendants Lawson and Armstrong rested on the petition of the plaintiffs Schwartz as enhanced by the appended exhibits and their answer to the petition. The theory of the motion for summary judgment, as well as of the answer, was that the pleading for fraud accrued by October of 1979 at the closing of the real estate transaction, when the facts of the fraud were discoverable, so that the action filed in August of 1988—some 8 years later—was barred by the 5 year limitation of § 516.120(5). The plaintiffs Schwartz contend that the motion, supported only by the pleadings but without other evidence that diligence would have resulted in earlier discovery, does not suffice for summary judgment. The movants Lawson and Armstrong respond that summary judgment may rest on the pleadings alone, and that a pleader who seeks to avoid the bar of limitations in an action for fraud must allege facts that show due diligence to attempt to discover the fraud, and so toll the statute. The want of a pleading of the specific facts of diligence, the argument concludes, rendered the petition vulnerable to dismissal and judgment.

 Our decisions, indeed, accord to summary judgment, a motion to dismiss, and a motion for judgment on the pleadings a functional equivalence. They allow a final adjudication on the pleadings alone when from the face they present no material issue of fact and the moving party is entitled to judgment as a matter of law. *Madison Block Pharmacy v. United States Fidelity and Guar. Co.*, 620 S.W.2d 343, 345[1–3] (Mo. banc 1981); *Dowdy v. Lincoln Nat'l Life Ins. Co.*, 384 S.W.2d 282, 284[3] (Mo.1964); *State ex rel. Sisters of St. Mary v. Campbell*, 511 S.W.2d 141, 149[12–14] (Mo.App.1974). That role of summary judgment is made out from the provision of Rule 74.04(b) that "a party against whom a claim ... is asserted ... may move with or without supporting affidavits for a summary judgment...." *Sam Kraus Co. v. State Highway Comm'n*, 416 S.W.2d 639, 641[1] (Mo.1967). *See also McWhirter Dist. Co. v. Texaco, Inc.*, 668 F.2d 511, 519, n. 11 (Temp.Emerg.Ct.App. 1981). Thus, however atypical a function of Rule 74.04, and however redundant of the procedures of Rules 55.27(a) and (b), the law remains that summary judgment may issue on the pleadings alone. *Pennell v. Polen*, 611 S.W.2d 323[1, 2] (Mo.App. 1981). In such case, however, as the motion to dismiss and the judgment on the pleading practices favor, leave to amend should precede a summary adjudication. *National Merchandising Corp. v. McAlpin*, 440 S.W.2d 489, 495[10, 11] (Mo.App. 1969); Rules 55.33(a) and 67.06.

 The argument of the plaintiffs Schwartz as to the insufficiency of pleadings to sustain summary judgment is, in any event, undermined by their joint affidavit in opposition to the motion. If, as that contention intimates, the motion of the defendants Lawson and Armstrong had efficacy only to test the sufficiency of their petition as a pleading for fraud but not for a peremptory judgment, that was dispelled when they presented their affidavit of proof of diligence in opposition to the motion. The presentation of evidence beyond the pleadings converts a motion to dismiss or for judgment on the pleadings into a motion for summary judgment. Rule 55.-27(a) and (b); *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d 827, 829[1–5] (Mo.App.1984).

The defendants Lawson and Armstrong respond that the affidavit of the plaintiffs Schwartz notwithstanding, under ruling decisions the summary adjudication of the petition is proper because the lapse of the *petition* to plead facts that would toll the

834

statute—a due diligence by the plaintiffs to attempt to discover the fraud—bars the action. They respond, moreover, that the affidavit in opposition to the motion for summary judgment did not suffice as evidence of due diligence, hence there was no issue as to any material fact and they were entitled to judgment as a matter of law.

The decisions that the defendants cite to sustain the adjudication, whether as a summary judgment or as a judgment on the pleadings, are deviants from a rule of common law pleading since reinsinuated into our code of practice and procedure. The most influential pronouncement of the orthodox common law rule of pleading of an action for fraud was given in *Wood v. Carpenter*, 101 U.S. 135, 25 L.Ed. 807 (1879). *Wood*, 101 U.S. at 140, pronounced that in an action for fraud, *where the defendant pleads the bar of limitations to defeat the action,* a plaintiff who relies on discovery to toll the statute is held to

'distinct averments as to the time when the fraud, mistake, concealment, or misrepresentation was discovered, and what the discovery is, so that the court may clearly see whether, by ordinary diligence, the discovery might not have been before made.' *Stearns v. Page,* 7 How. 819, 829 [12 L.Ed. 928]. 'This is necessary to enable the defendant to meet the fraud and the time of its discovery.' *Moore v. Greene,* et al. 19 [How.] 69, 72 [15 L.Ed. 533].

*Wood* [a pre-*Erie R. R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) decision] involved the Indiana statute of limitations as to actions for fraudulent concealment. It construed the statute to require more than averments of fraudulent concealment, but also of due diligence to discover the concealment, in order to toll limitations under the statute. The Court determined that the completed pleadings— the petition, taken with the reply to the assertion of the bar of limitations in the answer—were wanting as a sufficiently full statement of facts of due diligence to make discovery, and so sustained the demurrer and judgment for the defendant.

■■■ This rationale and scope of *Wood* were given effect in *State ex rel. Bell v. Yates,* 231 Mo. 276, 132 S.W. 672 (1910). *Yates* [at 676], as did *Wood* [101 U.S. at 187], tested the sufficiency of averments of due diligence to discover the fraud on the full round of pleadings, and not on the statement in the petition alone. Moreover, in each, the explanation by the plaintiff that the fraud could not have been discovered earlier by due diligence was in reply to the affirmative assertion in the answer that the petition was barred by limitations. In that common law scheme of issue-formation, the party who relied on new matters of avoidance, matters that the other party was not bound to plead in the first instance, bore the burden to plead and prove those facts. *Scanlon v. Kansas City,* 325 Mo. 125, 28 S.W.2d 84, 92[8] (banc 1930); *Ellyson v. Missouri Power & Light Co.,* 59 S.W.2d 714, 717[3–5] (Mo.App.1933); B. Shipman, COMMON–LAW PLEADING § 166, 197–199 (3d ed.1923). A defendant who relied on the statute of limitations to avoid a petition for fraud, therefore, was bound to set up the fact of the statute. And only then was the plaintiff obliged to plead facts in avoidance of the statute; that is, diligence to discover the fraud, or suffer the judgment of demurrer. *Scanlon v. Kansas City,* 28 S.W.2d at 92[8].

■■■ It is this essential common law mechanism of issue-definition by statement of claim, answer with assertion of avoidance or affirmative defense, and reply to avoid the avoidance that our code and rules of procedure implement. Rules 55.01, 55.-05, 55.07, 55.08. *See* 15 C. Wheaton, MISSOURI PRACTICE, § 55.05 (1976). It is the essential common law principle of *Wood* and *Yates,* moreover, that averments of due diligence to discover the fraud are not part of the original statement of claim but are essential only in reply to a defense of limitations, that our substantive law perpetuates and our procedures subserve *Sofka v. Thal,* 662 S.W.2d at 506[2]; *Jaycox v. Brune,* 434 S.W.2d 539, 546[22, 23] (Mo. 1968); Rules 55.01, 55.08 and 55.15.

A strain of decisions emerged, nevertheless, which ostensibly rest on *Wood* and *Yates* but misapply their principle. It is the sense of those decisions that where the averments of the petition show that the action for fraud was brought more than five years after the fraudulent transaction, the *plaintiff must set out in the petition* facts that show diligence to discover the fraud so as to toll limitations, or suffer judgment by demurrer [or now, by motion for judgment on the pleadings.] This aberration of *Wood* and *Yates*, introduced in *Brown v. Irving–Pitt Mfg. Co.*, 316 Mo. 1023, 292 S.W. 1023 (1927), rests on "the presumption of actual knowledge obtaining at the consummation of the [transaction]." *Id.* 292 S.W. at 1025[3]. That seems to say that the allegations of fraud notwithstanding, the pleader is presumed to have known the actual facts of the transaction from the date of their occurrence and so may be expected to explain *as part of the statement of claim* why discovery of the wrong was not made sooner.

▆▆▆▆ This fiction and aberration were perpetuated in *Siler v. Kessinger*, 149 S.W.2d 890 (Mo.App.1941), in *Womack v. Callaway County*, 159 S.W.2d 630, 632[1–6] (Mo.1942), and even more anomalously, continue as the basis for judgment without notice of the formal rules of civil procedure or the principles of substantive law that have since developed. The holdings of *Kueneke v. Jeggle*, 658 S.W.2d 516 (Mo. App.1983) and of *Burr v. National Life & Accident Ins. Co.*, 667 S.W.2d 5 (Mo.App. 1984), for instance, continue to cite *Irving–Pitt Mfg. Co.* and *Womack* to tincture a petition for fraud as "fatally defective" *for failure of that pleading* to aver why the discovery of the fraud was not made sooner. The averment of diligence to discover the fraud, however, is not an element of the substantive cause of action. *Sofka v. Thal*, 662 S.W.2d at 506[2]; *Clark v. Olson*, 726 S.W.2d 718, 719[1] (Mo. banc 1987). The statute of limitations for fraud, § 516.120(5), is one of repose. *Yates*, 132 S.W. at 676. As such, it confers no right of action, thus need not be pleaded as an element of the claim, but rather is available only as a defense. 54 C.J.S. *Limitations of Actions* § 3 (1987); *Hunt v. State Farm Mutual Auto. Ins. Co.*, 560 S.W.2d 280, 282[4] (Mo.App.1978). That principle of substantive law is rendered into Rule 55.08: "In a pleading to a preceding pleading, a party shall set forth ... statute of limitations ... and any other matter constituting an avoidance or affirmative defense." That matter of avoidance or affirmative defense, moreover, unless relied upon by a specific pleading, does not avail a party as a ground for relief. *Southwestern Bell Tel. Co. v. Buie*, 758 S.W.2d 157, 161[3] (Mo.App.1988).

▆▆▆▆ The argument of the defendants Lawson and Armstrong, therefore, that the failure of the Schwartz petition to plead due diligence, and so toll the statute of limitations, rendered the action to summary dismissal—whatever the imperfection of the summary judgment procedures employed—is rejected as unsound. The resort by the defendants to that lineage of decisions, in any event, is gratuitous since the defendants, as proper pleading required, raised the issue of limitations as an affirmative defense to the fraud claim. Rule 55.08. The plaintiffs neglected to plead avoidance of limitations by a reply of due diligence to discover the fraud, and so were vulnerable to judgment on the pleadings. *Jaycox v. Brune*, 434 S.W.2d at 546[22]; Rules 55.01 and 55.09.

The defendants pursued instead the method of summary judgment, thereby enabling the plaintiffs with "reasonable opportunity to present all materials made pertinent to such a motion by Rule 74.04." Rule 55.27(a) and (b). The plaintiffs responded to the ground of the motion—that any fraud was discoverable at the time the real estate transaction was closed in October of 1979, so that the five year limitations period of § 516.120.5 barred the action—by sworn averments of facts of due diligence to discover the fraud. Those affidavit averments recite that the oral and

written representations of the plaintiffs, as well as the survey information in the contract and in the deed, described a sale and conveyance of 10 acres of property, rather than the 7.14 acres actually received. They recite also that the plaintiffs relied on those representations and had no reason to doubt them until the year 1986, when during the process of rezoning application incident to a contract to sell an interest in the property, they learned that the property contained only seven and a fraction acres—a fact confirmed by their subsequent survey. The affidavit concludes that the action for fraud commenced in August of 1988, within two years of October of 1986—when the facts constituting the fraud were first reasonably discoverable—was within the period of limitations.

The question remains whether, upon the pleadings and affidavit evidence, there remains no issue of material fact so that summary judgment properly issued as a matter of law. Rule 74.04(c). Where the running of the statute of limitations depends upon when the plaintiff discovered or by reasonable diligence could have discovered the fraud, a question of fact is presented. *Kramas v. Security Gas & Oil Inc.*, 672 F.2d 766, 770[5] (9th Cir.1982); *Black Leaf Products Co. v. Chemsico, Inc.*, 678 S.W.2d at 830[7–10]. In that determination, the plaintiff with the means to discover the fraud will be held to have known it. *Yates*, 132 S.W. at 676. That is to say, the means of knowledge are deemed to be knowledge itself. *Briece v. Bosso*, 158 S.W.2d 463, 467[2, 3] (Mo.App.1942).

In the circumstances of this case, the means of knowledge considered, it may not be concluded as a matter of law that the plaintiffs did not act with due diligence to discover the facts of the fraud. The transaction was for the purchase of a tract of approximately 10 acres of land. The premises for the transaction were not only the agreements of the defendants to convey some 10 acres, but also the acreage quantity of a portion of tracts 3 and all of tract 4 as described in the recorded survey incorporated into both the contract and deed of conveyance. The first intimation to the plaintiffs that the tracts contained substantially less than the approximately 10 acres measured in the survey and deed was in September of 1986 when the zoning authorities informed them that the tracts contained only seven and a fraction acres. The plaintiffs then undertook their own survey, which when completed in February of 1987, confirmed that the land received from the defendant contained only 7.14 acres.

The defendants argue that diligence dictated that the plaintiffs should have sponsored a survey sooner—presumably contemporaneously with the execution of the contract in 1979. The predominant premise of the transaction was the measurement of the acreages attributed to lots 3 and 4 as subdivided and certified by the surveyor and then recorded. The acreage quantities were attributed to each of the tracts in the hand of the surveyor—*.676A* for tract 3 and *9.52A* for tract 4. It is expected that a usual purchaser will assume the integrity of such a plat, certified as a survey by monuments and markers—as appears here. *Lindsay v. Smith*, 178 Mo.App. 189, 166 S.W. 820, 822[3] (1914). It did not bespeak lack of diligence for the plaintiffs as purchasers to attribute to the survey and its contents the fidelity such a recorded plat imports. *See*, § 137.185, RSMo 1986.

Summary judgment was improper.

We need not determine whether, in any event, the pleadings of the plaintiffs were sufficient as a statement of claim for breach of covenant of title, if not for fraud, so that the 10 year statute of limitations of § 516.110 controlled and precluded summary judgment as to that action. Upon remand it is open to the plaintiffs to amend their petition to perfect any insufficiency of, pleading.

The judgment is reversed and remanded for further proceedings.

All concur.