UNITED STATES of America for the use of BUSSEN QUARRIES, INC.,

v.

Melvin THOMAS, Statutory Trustee of M.C. Thomas Construction Company, Inc.

INDIANA LUMBERMENS MUTUAL IN-SURANCE COMPANY, (Defendant/Third Party Plaintiff below), Appellant,

v.

Melvin C. THOMAS, and

Joan V. Thomas, individually, (Third Party Defendant below), Appellee.

No. 90–2815.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1991.

Decided July 9, 1991.

David M. Duree, argued, St. Louis, Mo. (Nicholas B. Carter, on brief), for appellant.

Elbert Dorsey, St. Louis, Mo., for appellee.

Before FAGG, Circuit Judge, and SNEED,* Senior Circuit Judge and LOKEN, Circuit Judge.

FAGG, Circuit Judge.

Joan V. Thomas and her husband, Melvin C. Thomas, signed an agreement promising to indemnify Indiana Lumbermens Mutual Insurance Company (ILM) for any costs incurred as a result of payment and performance bonds ILM issued for construction projects undertaken by Melvin Thomas's business, M.C. Thomas Construction Company, Inc. (M.C. Construction). After M.C. Construction defaulted on two projects for which ILM issued bonds under the agreement, the United States filed the underlying case on behalf of Bussen Quarries, Inc. against ILM as M.C. Construction's surety, and M.C. Construction's statutory trustee. See 40 U.S.C. § 270b (1988). ILM then filed a third-party complaint against Joan and Melvin Thomas individually based on the indemnity agreement. The parties settled the Bussen Quarries claim, and the district court entered a consent judgment in ILM's favor against Melvin

Thomas. ILM tried the lawsuit against Joan Thomas alone. The district court found ILM fraudulently induced Joan Thomas to sign the indemnity agreement, and rescinded the contract. ILM appeals, and we reverse and remand for further proceedings.

The parties do not dispute the controlling facts. After Joan and Melvin Thomas signed the indemnity agreement on July 15, 1986, ILM used the agreement to issue payment and performance bonds for three construction projects. ILM issued bonds for the Blount Brothers project on September 4, 1986, the Harris–Stowe project on September 25, 1986, and the Veterans' Administration (VA) project on October 17, 1986. In this case, ILM seeks indemnity for amounts expended on the VA bond. M.C. Construction did not enter into the contract with the VA until September 30, 1986.

Joan and Melvin Thomas signed the agreement at the office of Cheryl Thomas, ILM's attorney and agent, who told Joan Thomas that as Melvin Thomas's wife, she had to sign the agreement so ILM could issue a bond for the Harris–Stowe project. Before signing it, Joan Thomas glanced at the agreement, which states:

> WHEREAS M.C. Construction Co., Inc. requires or may hereafter require suretyship upon certain bonds or obligations of suretyship and has applied or may hereafter apply to [ILM] ... to execute such instruments as Surety ... the undersigned ... jointly and severally ... agree ... [to] indemnify and save [ILM] harmless from and against every claim ... payable on demand of [ILM] ... by reason of having executed or procured the execution of said bonds or obligations. ...

Joan Thomas testified she did not know the agreement covered the VA project or that she could be held personally liable, and that if she had known these facts, she would not have signed the agreement.

---

* The Honorable Joseph T. Sneed, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

Because the facts in the record are undisputed, our review is limited to deciding whether the district court's conclusion that ILM defrauded Joan Thomas is contrary to Missouri law. *See Air Terminal Cab, Inc. v. United States,* 478 F.2d 575, 578 (8th Cir.), *cert. denied,* 414 U.S. 909, 94 S.Ct. 228, 38 L.Ed.2d 146 (1973). To prove ILM fraudulently induced her to sign the indemnity agreement, Joan Thomas relied solely on her own testimony:

Q [Counsel for Joan Thomas]: [W]ho requested you sign the documents?

A [Joan Thomas]: My husband, Melvin.

Q: Did he tell you what the documents were?

A: He said that ... I had to sign a document ... for a bond to be issued.

....

Q: What did Cheryl Thomas tell you about the document?

A: She essentially told me the same thing that Melvin did[, that] my signature was required on the document, for a bond to be issued, for Harris–Stowe College.

....

Q: [D]id she tell you why your signature was needed?

A: The only reason that I was given by Melvin or Cheryl, was because I was Melvin's wife.

....

Q: In signing [the indemnity agreement], did you know that you ... could be held personally liable?

....

A: I had no idea, that I would be personally liable, for any jobs.

Q: If you had been told that you would be personally liable, would you have signed that document?

A: No, I wouldn't have.

....

Q: Now, were you told at any time [that the] general indemnity agreement applied to any job other than Harris–Stowe?

....

A: No, I was not.

 We review de novo the district court's determination of state law questions. *Salve Regina College v. Russell,* — U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991). Under Missouri law, a person who has an opportunity to read a document but signs it without doing so is held to have knowledge of the document's contents, absent a showing of fraud. *See Mercantile Trust Co. v. Carp,* 648 S.W.2d 920, 924 (Mo.Ct.App.1983). When a contract has been procured by fraud, the defrauded party can rescind the contract. *Western Fireproofing Co. v. W.R. Grace & Co.,* 896 F.2d 286, 290 (8th Cir.1990). To prove she was fraudulently induced to sign the indemnity agreement, Joan Thomas was required to establish each of the following elements by clear and convincing evidence: a false, material representation; ILM's knowledge of its falsity or ignorance of its truth; ILM's intent that it be acted on by her in a manner reasonably contemplated; her ignorance of the statement's falsity; her rightful reliance on its truth; and proximate injury. *Norden v. Friedman,* 756 S.W.2d 158, 164 (Mo.1988) (en banc); *see also Modern Enters., Inc. v. Allen,* 802 F.2d 312, 313 (8th Cir.1986).

 To support her fraud defense, Joan Thomas identified two affirmative representations made by Cheryl Thomas: that Joan Thomas's signature was required on the agreement so a bond could be issued for the Harris–Stowe project, and that her signature was needed because she was Melvin Thomas's wife. Joan Thomas failed to show these representations were false. No fraud exists when the representations made are true. *Modern Enters.,* 802 F.2d at 313.

 Nevertheless, if ILM had a duty to disclose that the agreement also covered any bonds M.C. Construction applied for in the future, Joan Thomas was not required to show a fraudulent representation or ILM's intent to defraud. *Osterberger v. Hites Const. Co.,* 599 S.W.2d 221, 227 (Mo. Ct.App.1980) (distinguishing actual and constructive fraud). When a party has a legal duty to disclose a fact, concealment by silence constitutes fraud. *Curtis v.*

834

*Kays*, 670 S.W.2d 887, 893 (Mo.Ct.App. 1984). The duty to disclose may arise from inequality of position, a fiduciary relationship between the parties, or a demonstration of superior knowledge on the part of one party that is not within the fair and reasonable reach of the other party. *Fairmont Foods Co. v. Skelly Oil Co.*, 616 S.W.2d 548, 550 (Mo.Ct.App.1981); *see also Modern Enters.*, 802 F.2d at 314 (when means of knowledge within party's reach, party cannot assert fraud). Here, the parties dealt at arms-length and no fiduciary relationship existed between Joan Thomas and Cheryl Thomas. Further, Joan Thomas could have read the indemnity agreement and discovered it covered any bonds for which M.C. Construction had already applied or would apply in the future. Thus, Cheryl Thomas did not have a duty to explain the plain terms of the agreement to Joan Thomas.

Based on the undisputed facts, Joan Thomas failed to prove ILM fraudulently induced her to sign the indemnity agreement. Thus, we reverse the district court's judgment rescinding the contract, and remand to the district court for further proceedings on ILM's third-party complaint against Joan Thomas.