**Albert GRAF, Plaintiff–Appellant,**

v.

**Frank MICHAELS and Sharlet Michaels, Defendants–Respondents.**

No. 19589.

Missouri Court of Appeals, Southern District, Division One.

June 19, 1995.

Janice P. Noland, Cynthia N. Dunbar, Noland and Associates, P.C., Camdenton, for plaintiff-appellant.

William Icenogle, W. James Icenogle, Icenogle & Icenogle, Camdenton, for defendants-respondents.

MONTGOMERY, Judge.

Plaintiff and his wife [1] brought an action to set aside two deeds given to Defendants purportedly for a narrow strip of land off Plaintiff's property. The petition generally alleged that Defendants fraudulently induced Plaintiff to sign a deed and later a correction deed for a tract larger than agreed upon. Defendants' motion to dismiss Plaintiff's second amended petition alleged that Plaintiff's cause of action was barred by the five-year statute of limitations, § 516.120(5) [2]. The trial court sustained the motion and this appeal followed.

Summarized, Plaintiff's petition alleges in pertinent part that:

1. Defendants requested that Plaintiff convey one small corner of his property in order for Defendants to have room to build a barn.

2. Defendants prepared a warranty deed for Plaintiff's signature which described land Plaintiff never agreed nor intended to convey.

3. Defendants made false representations to Plaintiff as to the content of the deed with the intent to obtain more land from Plaintiff than agreed upon.

4. In December 1976 Plaintiff and his wife executed the first warranty deed.

5. In June 1983 Defendants caused Plaintiff and his wife to execute a correction deed based upon a false reason when, in fact, the first deed "had never been properly executed to effectuate any conveyance." [3]

6. Both deeds contain the same metes and bounds legal description.

7. Plaintiff did not discover Defendants' false representations until June 1990 when he observed that Defendants had placed survey stakes on his land and saw for the first time that Defendants were claiming land Plaintiff never intended nor agreed to convey.

8. In June 1990 Plaintiff obtained a survey and discovered that Defendants had falsely described the land actually covered by the deeds.

Plaintiff filed suit against Defendants on July 15, 1991. His first amended petition was filed February 16, 1993, and his second amended petition was filed on April 4, 1994.

Defendants' motion to dismiss the latter petition alleged that Plaintiff's petition was time barred by § 516.120(5). Defendants' motion stated that Plaintiff's petition shows on its face that Plaintiff was presented with and signed both deeds which contain the alleged fraudulent legal description. Defendants reason that as early as 1976 Plaintiff was capable of discovering Defendants' alleged fraud.

We need only address Plaintiff's second point, which is dispositive of this appeal. Plaintiff alleges that the trial court erred in summarily dismissing his petition because his cause of action was barred by the five-year statute of limitations, § 516.120(5). Plaintiff argues that the statute gave him a total of fifteen years to file a claim for the alleged fraud and, therefore, his petition was timely filed.

First, we note that a motion to dismiss may raise the issue that a claim is

---

[1] Plaintiff's wife is no longer a party. She died prior to Plaintiff filing his second amended petition, which is the subject of this controversy.

[2] Statutory references are to RSMo 1986 unless otherwise indicated.

[3] The December 1976 deed in the legal file shows that Defendants signed the deed in the signature space for the grantors and that the Plaintiffs signed the deed in the space reserved for the notary's acknowledgment.

barred by a statute of limitations in instances where the petition shows on its face that the claim is barred. *Reed v. Rope*, 817 S.W.2d 503, 507 (Mo.App.1991). Our review of such a dismissal requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to the plaintiff. *Shockley v. Harry Sander Realty Co.*, 771 S.W.2d 922, 924 (Mo.App.1989). Since the trial court gave no reasons for the dismissal we assume it acted for the reasons presented in the motion to dismiss. *Id.*

The statute of limitations for an action in fraud is § 516.120(5), which states:

Within five years:

. . . .

(5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

The application of this statute is explained by this Court in *Anderson v. Dyer*, 456 S.W.2d 808 (Mo.App.1970).

The initial segment of Sec. 516.120(5) is simply a statute of limitations which imposes a five year limit on the commencement of actions brought for relief on the ground of fraud; the concluding portion constitutes a ten-year artificial lacuna fixed by the legislature on the accrual of the cause of action, i.e., fraud actions are deemed not to accrue during the ten-year suspension period until the discovery of the fraud. . . . If the fraud was not discovered or discoverable during the ten-year hiatus provided by the legislature, then the cause of action would be deemed to have accrued at the termination of such period and the statute of limitations would commence to run from that time, thereby permitting a maximum of fifteen years for commencement of the suit. *Gromacki v. Armour & Co.*, W.D.Mo., 76 F.Supp. 752, 754(3). In other words, "the action is to be brought within fifteen years in any event and if the fraud be discovered [or is discoverable] prior to the lapse of ten years, then within five years after its discovery." *Fos-*

*ter v. Pettijohn*, 358 Mo. 84, 88, 213 S.W.2d 487, 490.

*Id.* at 811–12.

A cause of action for fraud accrues at the time the defrauded party discovered or in the exercise of due diligence should have discovered the fraud. *Burr v. Nat'l Life & Accident Ins. Co.*, 667 S.W.2d 5, 7 (Mo.App.1984). The plaintiff maintains the duty to make inquiry to discover the facts surrounding the fraud. Where the means of discovery exist, the plaintiff will be deemed to have known of the fraud so as to begin the running of the statute. *Id.*

The trial court must have believed that Defendants' fraud was discoverable at least by 1983, when Plaintiff executed the correction deed, and that Plaintiff's claim was time barred five years later. It is true that both deeds signed by Plaintiff contained a metes and bounds legal description which revealed the excessive amount of land being conveyed. The trial court apparently concluded that Plaintiff had the means to discover Defendants' fraud by discerning it himself from the legal description or by consulting with someone who could.

A fair reading of the petition indicates that (1) the parties agreed upon an exact strip of land to be conveyed which would allow Defendants to build a barn, (2) Defendants prepared the deeds and presented them to Plaintiff for his signature, (3) in executing the deeds, Plaintiff relied upon Defendants' representation that the deed accurately described the land that Plaintiff agreed to convey, and (4) Plaintiff had no reason to doubt Defendants' representations until 1990 when he saw survey stakes on his property and discovered that Defendants were claiming more land than Defendants said the deeds covered. Because we must take these facts as true, our decision is controlled by *Schwartz v. Lawson*, 797 S.W.2d 828 (Mo. App.1990).

In *Schwartz*, the buyers of real estate brought an action against sellers alleging fraudulent misrepresentation regarding the number of acres conveyed. The trial court entered summary judgment against buyers on the basis that their action was barred by § 516.120.

Buyers' petition alleged, in part, that (1) they wanted to buy sellers' land if the parcel contained approximately ten acres, (2) sellers provided them with a survey indicating their tract amounted to approximately 9.75 acres, and (3) seven years after they took title they learned the tract contained only seven acres.

The theory of sellers' summary judgment motion was that the fraud claim accrued on the closing date, October 1979, when the facts of the fraud were discoverable. They argued that buyers should have obtained their own survey and could have learned on closing date the actual size of the tract. Therefore, sellers contended that the suit, filed in 1988, was barred by the five-year limit of § 516.120(5).

In opposition to the summary judgment motion, buyers' affidavit alleged that oral and written representations of sellers, along with the survey information in the contract and deed, described a sale and conveyance of ten acres, not the approximate seven acres actually received. Buyers recite they properly relied on sellers' representations and had no reason to doubt them until 1986 when, during a rezoning application process, they learned of the actual acreage, a fact confirmed by their later survey.

The appellate court held that summary judgment was improper. The court said that under "the circumstances of this case, the means of knowledge considered, it may not be concluded as a matter of law that [buyers] did not act with due diligence to discover the facts of the fraud." *Id.* at 836. The court reasoned that the "usual purchaser" would accept the integrity of the survey and that failure to do so is not a lack of diligence. *Id.*

The instant case differs little from *Schwartz.* In both cases the alleged facts indicate the defrauding party orally and by written instrument (here by deeds instead of a survey) misrepresented the amount of land conveyed. In both cases the plaintiffs relied on the misrepresentations without any independent investigation to learn the accuracy of the amount of land described. *Schwartz* decided that a usual purchaser could rely on a survey without being charged with lack of due diligence as a matter of law.

Based on *Schwartz,* we hold that, under the facts alleged here, plaintiff (a usual grantor) could rely on defendant's representations that the deed described the amount of land agreed upon without being charged with lack of due diligence as a matter of law. Therefore, Plaintiff's petition does not show on its face that the claim is time barred. As in *Brown v. Scheible,* 814 S.W.2d 5, 7 (Mo. App.1991), "Plaintiff's petition should have been dismissed only if, as a matter of law, it could be determined from the pleadings that the fraud was capable of ascertainment more than five years prior to the filing of the petition."

The facts alleged by Plaintiff are insufficient to find that the statute of limitations has run as a matter of law. Because Plaintiff commenced his action within fifteen years of December 1976, his claim is timely filed.

The judgment is reversed and the cause remanded for further proceedings.

SHRUM, C.J., and FLANIGAN, J., concur.