**Donna BROWN, Plaintiff/Appellant,**

v.

**Lewis J. SCHEIBLE, et al., Defendants/Respondents.**

No. 59532.

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 13, 1991.

Thomas L. Stewart, Josh Tolin, James P. Holloran, Kortenhof & Ely, St. Louis, for plaintiff-appellant.

Lee Young, Union, Sanford Goffstein, St. Louis, David Mogil, Clayton, Steven P. Kuenzel, Washington, Dana D. Eilers, Michael S. Weinberg, St. Louis, for defendants-respondents.

REINHARD, Presiding Judge.

Plaintiff brought an action for damages arising out of the purchase of a house. Her petition alleged that defendants fraudulently and negligently concealed extensive

termite damage to the home. Defendants filed motions to dismiss plaintiff's second amended petition alleging that her causes of action were barred by the five year statute of limitations, §§ 516.100, 516.-120(5), RSMo 1986. The trial court sustained the motion and dismissed the causes of action. Plaintiff appeals. We reverse and remand.

From the petition it appears that plaintiff contracted on November 9, 1984 to purchase a house from defendants Lewis and Connie Scheible. Defendant Betty Cole, acting as agent for defendant Century 21 Team, Inc., served as real estate agent and broker for the transaction. Defendant Delmar Financial Company (Delmar) was the financing agent.

Plaintiff further alleged that prior to purchase, she asked Cole to have the house inspected for termite damage. Cole produced a record of an October, 1984, inspection conducted by defendants Mastin and Phipps in which they reported that there was no evidence of termite infestation. Plaintiff repaired and remodeled the home, and on June 12, 1985, discovered extensive and pervasive structural damage to the house as a result of prior termite infestation.

Plaintiff filed suit against the Scheibles, Cole, Century 21, Mastin, Phipps, and Phipps and Son Termite and Pest Control, Inc. on May 29, 1990. On June 12, 1990, plaintiff filed her First Amended Petition, including Delmar as a party defendant. Plaintiff's Second Amended Petition was filed August 28, 1990. Plaintiff's petition alleged causes of action for negligence and fraud arising out of the purchase of the house.[1] The petition alleged that the defendants concealed the damage and that plaintiff relied upon the Phipps report in deciding to enter into the contract to purchase.

On December 17, 1990, the trial court dismissed plaintiff's second amended petition as to all defendants, finding as a matter of law that "the causes of action, both in fraud and for negligence, accrued prior to May 29, 1985 and, therefore, the Petition was not filed within the five years following that date." The court's order stated:

Not only has Plaintiff alleged that the home owners and real estate agent *should have known* that the house was infested with termites, but they allege that when they had it inspected on June 12, 1985, over seven months after Phipps and Mastin inspected it, the infestation had caused "extensive and pervasive structural damage."

The sale occurred on November 9, 1984 and it is reasonable to assume that, if plaintiffs were not actually living in the home, they at least had free access to it. What was found on June 12, 1985 to be

---

1. Plaintiff's Second Amended Petition stated, in pertinent part:

That prior to the 9th day of November, 1984, the Plaintiff entered into negotiations with Defendant Cole and Defendant Lewis Scheible and Connie Scheible for the purchase ... [of] "The Property".

That on or before the 9th day of November, 1984, the Plaintiff requested of Defendant Cole that an independent termite inspection be performed on The Property; that Defendant Cole insisted that said property had been inspected by Defendant Mastin and Defendant Phipps in October of 1984; Defendant Cole produced for Plaintiff's review a report generated by Defendant Phipps indicating that there was no evidence of termite infestation, and that the property in question did not suffer from any previous termite or pest infestation.

\* \* \* \* \* \*

That on or about the 9th day of November, 1984, relying upon false and material misrep-

resentations of fact and/or the concealment of fact by the Defendants, and each of them, the Plaintiff entered into a written contract to purchase The Property from Defendants Lewis Scheible and Connie Scheible.

That on or about the 12th day of June, 1985, after having performed approximately $25,-000.00 in remodeling and repair work on The Property, Plaintiff discovered that said property had extensive and pervasive structural damage as a result of prior termite infestation on said property.

\* \* \* \* \* \*

That Defendant[s the Scheibles, Cole, Phipps, and Mastin] knew or should have known as to the falsity of said misrepresentations and/or concealment of material facts in that [the house] was severely damaged and destroyed by termite infestation at the time of its sale on or about the 9th of November, 1984.

"extensive and pervasive" surely must have been ascertainable on May 28, 1985. (Emphasis in original).

This appeal followed.

"The scope of review for a dismissal requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true and construing the allegations favorably to the plaintiff." *Hill v. John Chezik Imports*, 797 S.W.2d 528, 530 (Mo.App.1990).

The statute of limitations for actions in fraud is found in § 516.120(5), RSMo 1986, which states:

Within five years:

\* \* \* \* \* \*

(5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

The applicable statute for negligence claims is § 516.100, which provides:

[T]he cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is *sustained and* is *capable of ascertainment*, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained.

§ 516.100 RSMo 1986 (emphasis added).

The parties contest when the cause of action accrued. "[T]he mere occurrence of an injury itself does not necessarily coincide with the accrual of a cause of action. Such a reading would deprive the additional language 'and is capable of ascertainment' of any meaning." *Martin v. Crowley, Wade & Milstead, Inc.*, 702 S.W.2d 57, 58 (Mo. banc 1985) (citations omitted). Plaintiff's petition alleged that she discovered the termite damage on June 12, 1985, less than five years before the filing of the petition. None of defendants' motions to dismiss claimed that the damage was ascertainable before the date of plaintiff's actual discovery.

The trial court should properly dismiss a petition on the pleadings alone when "from the face they present no material issue of fact and the moving party is entitled to judgment as a matter of law." *Schwartz v. Lawson*, 797 S.W.2d 828, 833 (Mo.App.1990). "Where the running of the statute of limitations depends upon when the plaintiff discovered or by reasonable diligence could have discovered the fraud, a question of fact is presented." *Schwartz*, 797 S.W.2d at 836. Thus, plaintiff's petition should have been dismissed only if, as a matter of law, it could be determined from the pleadings that the fraud was capable of ascertainment more than five years prior to the filing of the petition.

The court, in dismissing the action, partially relied on plaintiff's assertion that the damage was so extensive that the defendants knew or should have known of its existence, reasoning that if the damage was that extensive then the plaintiff, by due diligence, should have ascertained the damages at the time the contract was executed or shortly thereafter. However, this reasoning was premised upon the assumption that plaintiff had "free access" to the property. Although the petition indicated that a contract to purchase was entered into on November 9, 1984, and that the plaintiff subsequently conducted repairs on the building, there was nothing before the court to indicate the date of either the transfer of title or possession. While it is possible that the damage could have been discovered by plaintiff earlier than June 12, 1985, any determination that it was discoverable before May 29, 1985, is speculative.

The facts alleged in the pleadings are insufficient to find that the statute of limitations has run as a matter of law. Such facts, if they exist, can be developed during discovery or at trial. *See Martin*, 702 S.W.2d 57. Reversed and remanded.

STEPHAN and CRANE, JJ., concur.