**TARYEN DEVELOPMENT, INC.,
Plaintiff/Appellant,**

v.

**PHILLIPS 66 COMPANY and Phillips Petroleum Company, Defendants/Respondents.**

**No. ED 77149.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 22, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 25, 2000.

Application for Transfer Denied
Dec. 5, 2000.

*v. Winston,* 959 S.W.2d 874 (Mo.App. E.D. 1998).

Marvin Max Klamen, St. Louis, for Appellant.

Ian P. Cooper, Mickes, Tueth, Keeney, Cooper, Mohan & Jackstadt, P.C., St. Louis, for Respondents

PAUL J. SIMON, Judge.

Plaintiff, Taryen Development Inc. (Taryen), appeals the judgment of the Circuit Court of St. Louis County granting summary judgment in favor of defendants, Phillips 66 Company and Phillips Petroleum Company, on all three counts of Taryen's Third Amended Petition.

On appeal, Taryen contends that the trial court erred in granting summary judgment on: (1) Count I for fraud in the execution because: (a) Count I alleges all of the essential elements of a fraud claim; (b) defendants have failed to negate at least one essential element of the claim; (c) it alleges recoverable damages; (d) it is not barred by the statute of limitations; (2) Count II for fraud in the inducement because: (a) Count II alleges the essential elements of a fraud claim; (b) Taryen was not under a legal obligation to convey real property; (c) defendants have failed to negate at least one essential element of the claim; (d) it is not barred by the statute of limitations; (3) Count III for breach of contract because: (a) Count III alleges the essential elements of a breach of contract claim; (b) a document does not need to be signed to be a contract; (c) defendants had a duty to construct slope in a manner prescribed in agreement; (d) defendants have failed to negate at least one of the essential elements of the count; (e) it is not barred by the statute of limitations. We affirm in part and reverse and remand in part.

We initially note that the legal file, comprising more than 380 pages, is poorly organized with a short superficial index. Neither party provided an index identifying specific page numbers for the exhibits referenced in their motions. This lack of organization necessitated a page by page search of the record. However, since we were able to find the needed documents, we address the merits of the appeal.

It is well-settled that when considering an appeal from summary judgment, we review the record in the light most favorable to the non-movant. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially de novo. *Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different from those employed by the trial court to determine the propriety of sustaining the motion initially. *Id.* The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute. *Id.* at 378.

A "defending" party may establish a right to judgment by showing: (1) facts that negate any one of the claimant's elements facts; (2) that the non-movant, after an adequate time for discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) that there is no genuine dispute as to the existence of the facts necessary to support the movant's properly pleaded affirmative defense. *Id.* at 381. Where, as here, the

trial court grants summary judgment without specifying the basis upon which it was granted, we will uphold the summary judgment if it is appropriate under any theory. *Southwestern Bell Yellow Pages v. Robbins*, 865 S.W.2d 361, 369 (Mo.App. E.D. 1993).

The non-movant must show by affidavit, depositions, answer to interrogatories, or admissions on file, that one or more of the material facts shown by the movant to be above any genuine dispute is, in fact, genuinely disputed. *ITT* at 381. A "genuine issue" exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. *Id.* at 382. A "genuine issue" is a dispute that is real, not merely argumentative, imaginary or frivolous. *Id.*

The record, reviewed in the light most favorable to Taryen, the non-movant, reveals that Taryen, incorporated in 1974, is a commercial entity dealing in real estate and has participated in numerous real estate transactions. Harold Klamen, Taryen's past president and part owner, has been in the business of dealing with real estate for approximately fifty years. Past president and part owner, Forrest Crump, now deceased, had been in the real estate business for about twenty years in 1990.

On or about, March 29, 1990, Taryen agreed to sell to defendants certain real estate located at the corner of Imperial Main and I–55 in Jefferson County, Missouri (the property). On that date, Taryen executed a Contract to Purchase Real Estate, (contract) providing that the contract price was $350,000. Subparagraph D of the contract provided, in pertinent part:

"the failure of any jurisdiction to grant zoning, special use permits, development standard variances and building permits for the above uses and facilities shall result in the cancellation of the Contract and Seller shall return all contract consideration to Buyer."

The contract also provided for special conditions, which were attached as exhibit B to the real estate contract. The special conditions provided, in pertinent part:

* * *

2. Seller agrees to assign to Buyer the Seller's access easement across the property located at the Northwest Corner of Main Street and Old State Road. Seller reserves the right to utilize said easement appurtenant and further reserves a thirty-foot (30–foot) access easement appurtenant along the East thirty (30) feet of the subject Premises from Main Street to the North Property line of the subject premises from Main Street to the North property line of the subject premises. Seller reserves the right to assign all or a portion of its rights in the above-referenced easements.

3. Seller agrees to grant Buyer a slope easement of such distance along the North property line of the subject Premises to accommodate a three-to one grading slope. Buyer shall present the proposed Slope Easement Agreement to Seller not less than thirty (30) days prior to closing. The determination of the size of the easement area and the execution of the easement agreement containing the terms and conditions of the easement shall be completed prior to closing.

* * *

On August 20, 1990 defendants provided Taryen with formal written notice of corporate approval of the contract, stating that purchase was contingent upon satisfaction of all terms and conditions of the contract.

In October 1990, defendants prepared a subdivision plat encompassing the property for a subdivision known as the Janie Lee Meadows Subdivision (Janie Lee plat). This plat contained an easement running across the property in favor of Taryen, as provided for in Exhibit B. On October 4, 1990, defendants advised Taryen in writing

that the approval of the Janie Lee plat by Jefferson County would be necessary and on October 19, the Jefferson County Planning and Zoning Commission (commission) advised Taryen that a hearing for approval of the Janie Lee plat would occur on October 25.

On October 26, 1990, Taryen was notified by commission that the Janie Lee plat in its preliminary form was approved subject to at least fourteen conditions. On November 20, 1990, Taryen was notified by the Jefferson County Planning and Zoning Department (department) that the final Janie Lee plat would be considered by the commission on December 13, 1990. On or about December 13, 1990, commission recommended final approval of the Janie Lee plat subject to only two conditions, acceptance of the escrow agreement by commission and that Lot 3 of Phase II be designated as non-buildable until final approval of the plat is granted.

On or about December 17, 1990 the closing on the property occurred. Taryen did not attend the closing, but had submitted a general warranty deed transferring title to the property and a slope easement in favor of defendants to the title company. The slope easement, a separate document, was prepared by defendants and signed by Taryen. It was desired by defendants because the property to be purchased by defendants and Taryen's remaining property were below the grade of Main Street. In order to make defendants' property commercially usable, defendants added a substantial amount of fill to raise the level of its property. The easement was to grant defendants access across the Taryen property for the purposes of transporting fill material onto defendants' property. The slope easement provided, in pertinent part:

\* \* \*

Whereas, [defendants] desires a grading and slope easement across approximately the southern fifty (50) feet of the Taryen Property . . .

Now, Therefore, Taryen, its successors and assigns, does hereby grant and convey unto [defendants], its successors and assigns, a permanent grading and slope easement across the southern fifty (50) feet of the Taryen Property . . .

It is understood and agreed that [defendants] shall have the right to use said grading and the slope easement for the purpose of reshaping, contouring, altering and maintaining the slope desired by [defendants] between the Taryen Property and the [defendants'] Property for a period of time not to exceed eighteen (18) months . . .

Said grading shall not exceed a three to one ratio, nor shall it hinder the Taryen Property for using the roadway easement as set out on the Janie Lee Subdivision . . .

The complete and only intent of their easement is for the [defendants'] property to be filled using their easement for slope and the filling and slopping shall be completed by July 1, 1992.

It is also understood and agreed that the above stated considerations shall constitute all of the obligations of [defendants] to the surface owner or lessee for its use and enjoyment of the easement granted herein . . .

At closing, defendants presented the Janie Lee plat map, which contained an access easement in favor of Taryen.

On January 18, 1991, Taryen was sent notice that commission would be meeting on February 14, 1991 to consider an extension of time to record the final approved Janie Lee plat. On February 7, 1991 Taryen was notified in writing by the department that approval for the Janie Lee plat would expire if the plat was not recorded by February 13, 1991. On or about February 8, 1991, Defendants sought a thirty day extension to file the approved Janie Lee plat, due to unexpected procedural problems in establishing the required $300,000 escrow account for improvements

to the property necessary to record the plat.

Defendants did not construct the slope easement by July 1, 1992, as provided by the slope easement agreement and Taryen refused to extend the term or grant an additional easement. As a result, in 1996 defendants constructed a slope on its own land by acquiring slope easements from other adjacent property owners.

Taryen filed its original petition against defendants and Stock and Associates Consulting Engineers (Stock) on January 13, 1998. The first and second amended petitions, which are not in the record, apparently alleged various counts of fraud against defendants and Stock. Defendants and Stock filed a partial motion for summary judgment on the Second Amended Petition, which was granted. Further, the trial court dismissed all claims against Stock. Taryen did not appeal the summary judgment on the Second Amended Petition. On July 9, 1999, Taryen filed its Third Amended Petition, alleging three counts against defendant: (1) fraud in the execution, (2) fraud in the inducement; (3) breach of contract.

In its Third Amended Petition, Taryen alleged in its "Allegations Common to All Counts" that

"On or about December 17, 1990 a certain plat map (the 'Janie Lee Subdivision' herein) prepared by Defendants and presented to [Taryen] for execution, accompanied by Defendants' representations that approval for such development commencement and subdivision had been received by Defendants. Defendants represented to [Taryen] that said plat was to be recorded as part of the closing process. [Taryen's] access easement was depicted on said plat."

Count I alleged fraud in the execution based on defendants' failure to record the Janie Lee plat, which contained Taryen's access easement. Taryen alleged that

"prior to and particularly following closing of said sale under said agreement,

Defendants intentionally caused and allowed the defeasance of [Taryen's] easement and property rights by the fraudulent drafting and substitution of documents and other actions taken by Defendants, purportedly in the execution of its contract obligations to [Taryen], and under the authority of said agreement."

Taryen further alleged that "by withholding perfection and recording of the conveyance and/or subdivision plat map, Defendants 66 became the real owner of said servient estate as it relates to the interest of [Taryen]" and that the failure to record caused Taryen's tax burden to be excessive. Finally, Taryen maintained that because of its reliance on the misrepresentations and concealment, it suffered damages in excess of $15,000.00, representing the difference in value between Taryen's land with and without the recorded easement as well as the tax burden borne by Taryen and other related expenses. Taryen also requested $25,000.00 in punitive damages.

Count II alleged fraud in the inducement based on defendants' representation to Taryen that all the conditions precedent of the real estate contract were satisfied, when defendants were aware that they had not been satisfied. Specifically, Taryen alleged that "On or prior to December 17, 1990, Defendants concealed from [Taryen] the facts there and then known to Defendants and unknown to [Taryen] to-wit: That the agreement's paragraph D. contingencies had not, in fact, been met, satisfied or waived and, as a result, that no closing was thereafter either called for or required by said agreement ..." Taryen further alleged that defendants had a duty to disclose to Taryen such facts known to defendants at the time of the misrepresentation and concealment because defendants were in a superior position of knowledge and awareness.

Count III, breach of contract, alleged that pursuant to the terms of the sales contract, Taryen and defendants were obligated to enter into negotiations with each

other and reach an agreement with regard to an easement running in favor of defendants over Taryen's remaining parcel for defendants' construction of a slope; the parties entered into the agreement on or about December 17, 1990 and defendants received and accepted the agreement; the agreement was fully performed by Taryen at the time of such delivery and acceptance. Defendants further alleged that in breach of said contract, defendants built the slope in such a manner as to hinder Taryen from using said roadway access easement. Defendant failed to build said slope on or before July 1, 1992 as the contract required.

Defendants filed an answer denying the allegations in Taryen's Third Amended Petition and pleaded several affirmative defenses, including that the claims were barred by the Statute of Limitations.

Defendants then filed a motion for summary judgment. With respect to Count I, fraud in the execution, defendants alleged that Taryen did not plead or come forth with any evidence that it did not understand the nature of the transaction or have opportunity to examine the documents, that the documents were fraudulently drafted or substituted or that anything irregular occurred at closing. Further, defendants alleged that the claim was barred by the five year statute of limitations in Section 516.120 RSMo.1994 (all further references herein shall be to RSMo.1994 unless otherwise provided) because defendant had notice of the non-recording of the plat more than five years before filing the law suit in 1998. Finally, defendants alleged that plaintiff could not establish damages with respect to the failure to record the easement.

As to Count II for fraud in the inducement, defendants alleged in their motion for summary judgment that "[Taryen] could not prevail on its fraud in the inducement theory because [Taryen] could not, as a matter of law, be induced to convey property that it was already under a legal obligation to convey," and further because Taryen could not establish that defendants made a material, false representation. Further, defendants again alleged that the claim was barred by the five year statute of limitations period for fraud in Section 516.120 because plaintiff had means to discover the status of the approval and recording of the plat.

As to Count III for breach of contract, Defendants alleged that they were entitled to judgment as a matter of law because the slope easement was not a contract in that it lacks the elements of contract formation and that even if it did conform to the contract requirements, it did not establish a duty on the part of defendants to construct a slope on Taryen's property. Additionally, defendants contended that the claim is barred by the statute of limitations. In support of their motion, defendants filed a memorandum of law and other items, including the real estate contract, the slope easement, letters from the department and commission, and the deposition of Harold Klamen.

Taryen filed a response to the motion, in which it admitted many of the undisputed facts set forth in defendants' motion and raised several additional "separate assertions of undisputed fact in opposition to defendants' declaration of undisputed facts." Specifically relevant here, Taryen admitted defendants' statement of undisputed fact that "on February 7, 1991, Taryen was notified in writing by the Jefferson County Planning Department that approval for the Janie Lee plat would expire if not recorded by February 13, 1991." In support of its motion and the separate assertions, plaintiff filed many documents, including portions of Harold Klamen's deposition, the real estate contract, the slope easement, correspondences to and from department and commission.

The trial court granted defendants' motion for summary judgment on all three counts of Taryen's Third Amended Peti-

tion, without making written findings of facts or conclusions of law and did not indicate on what grounds the motion was granted.

■ In its first point on appeal, Taryen contends that the trial court erred in granting defendants' motion for summary judgment on Count I for fraud in the execution because it alleges all of the essential elements of a fraud claim, defendants have failed to negate at least one essential element, it alleges recoverable damages and the claim is not barred by the statute of limitations.

■ To establish fraud, Taryen must allege and prove: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity, or his ignorance of its truth; 5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; 6) the hearer's ignorance of the falsity of the representation; 7) the hearer's reliance on the representation being true; 8) his right to rely thereon; and, 9) the hearer's consequent and proximately caused injury. *Heberer v. Shell Oil Co.*, 744 S.W.2d 441, 443 (Mo. banc 1988). In their brief, defendants do not address or contest that Taryen properly pled all of the essential elements of a fraud claim and our review of the record indicates that Taryen's petition was sufficient.

However, to be entitled to summary judgment, defendants need not negate each element of the fraud claim, rather they need only establish that one element is lacking. *Id.* Defendants contend, however, that the undisputed facts negate one or more essential elements of the claim of fraud, namely that there was no misrepresentation made, and if so, Taryen did not rely on the alleged misrepresentation.

■ Defendants contends that Taryen has not presented any evidence that a representation was made about the recording of the plat; however, at the summary judgment stage it is defendants' burden to negate the element, such as by providing evidence to show that no representation was made. *ITT*, 854 S.W.2d at 381. Defendants have done nothing to negate the allegations, other than deny them in their answer. Thus, a question of material fact remains as to that issue.

Further, defendants contend that Taryen did not rely on the misrepresentation based on Harold Klamen's statements in his deposition. When asked by defense counsel, "—when Taryen development entered into this transaction, you on behalf of Taryen didn't rely on any oral statements that anyone made to you on behalf of Phillips; did you?," Harold Klamen responded, "I never talked to Phillips." Defense counsel went on to ask "... Are you aware of Forest [sic] relying on any oral statements that Phillips made," with Klamen responding "I can't speak for Forest [sic]." Defense counsel continued, "And you are not aware of anything stated orally to Forest [sic] that he relied on?" Klamen responded that he knew of none.

Based on this deposition testimony, defendants seek to establish that as a matter of law, Taryen did not rely on the alleged misrepresentations. However, Taryen contends that Klamen did not personally rely on any statements because he was not involved in the transaction, but rather his now deceased partner Forrest Crump, who lived in Jefferson County where the property was located, dealt with Phillips. As for his knowledge of Forrest Crump's reliance, Taryen contends that Klamen was not made aware of this fact because he was not an active participant in the transaction and would not normally have been the recipient of such information. Thus, we find that there is a genuine issue of material fact presented as to whether Taryen relied on the representations of defendants.

Plaintiffs also contend that their claim is not barred by the statute of limitations for fraud actions. Section 516.120 What Actions Within Five Years provides, in pertinent part:

Within Five Years:

\* \* \*

(5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

■ Where the running of the statute of limitations depends upon when the plaintiff discovered or by reasonable diligence could have discovered the fraud, a question of fact is presented. *Brown v. Scheible*, 814 S.W.2d 5,7 (Mo.App.1991). Thus, summary judgment was only proper where it is shown that there is no genuine issue of material fact as to whether the fraud was capable of ascertainment more than five years prior to the filing of the petition. *Id.*

Here, in its response to the motion for summary judgment, Taryen acknowledged that "on February 7, 1991, Taryen was notified in writing by the Jefferson County Planning Department that approval for the Janie Lee Plat would expire if the plat was not recorded by February 13, 1991." Further, Taryen acknowledged that "on or about February 8, 1991, Phillips sought a thirty-day extension to file the approved Janie Lee plat due to unexpected procedural problems in establishing the required $300.000 [sic] escrow account for improvements to the property necessary to record the plat." However, Taryen contended that the *notice* specifically advised them that "the escrow agreement had, in fact been approved by Defendants and that there was to be a mere delay for the filing due to unexpected procedural problems." Taryen further contended that it reasonably relied upon defendants' own expressed assurances, which was defendants' intention as expressed in the February 8 letter. Therefore, a genuine issue of material fact exists as to whether Taryen discovered, or through the exercise of reasonable diligence could have discovered, the alleged fraud more than five years prior to

the filing of ·the petition, based on the record here.

Finally, Taryen contends that it suffered damages from the misrepresentation because a recorded easement has a value different than that of an unrecorded easement. Defendants do not respond to this argument in their brief. We agree with Taryen that genuine issue of material fact still remains as to the question of damages sustained. Because numerous issues of material fact remain and defendants have failed to negate at least one element of the claim, the trial court's grant of summary judgment was improper.

In its second point, Taryen contends that the trial court erred in granting defendants' motion for summary judgment on Count II because: (a) it alleges the essential elements of a fraud claim; (b) Taryen was not under a legal obligation to convey real property; (c) defendants have failed to negate at least one essential element; and (d) the claim is not barred by the statute of limitations.

■ The second count, as the first count, alleges fraud by the defendant in its misrepresentations to Taryen and involves essentially the same elements as the first. As noted in our discussion of the first point, Taryen has alleged the essential elements of a fraud action and defendant has failed to negate at least one of the essential elements of the claim.

Taryen also contends that summary judgment was improper because Taryen "was not under any legal obligation to convey the real property until all conditions precedent were satisfied." Taryen contends that the conditions precedent were set forth in subparagraph D of the contract, which provides "the failure of any jurisdiction to grant zoning, special use permits, development standard variances and building permits for the above uses and facilities shall result in the cancellation of the Contract and Seller shall return all contract consideration to Buyer."

It is undisputed that the Janie Lee Plat had to be approved by the commission and recorded. At closing, the plat was approved by the commission but with conditions which, if not satisfied, could result in the loss of approval. Thus, there is a genuine issue of material fact as to whether at the time of closing defendants failed to satisfy the contractual condition that all zoning and special use permits be granted. Since defendants failed to satisfy a material condition precedent, Taryen would not have a legal obligation to convey the property at closing.

Finally, Taryen contends that its claim was not barred by the statute of limitations in Section 516.120. As discussed in the first point, a genuine issue of material fact remains as to Taryen's knowledge and reliance. Because of the remaining disputed issues of material fact, summary judgment was improperly granted.

█ In its third point, Taryen contends that the trial court erred in granting defendants' motion for summary judgment because: (a) Count III alleges the essential elements of a breach of contract claim; (b) a document does not need to be signed by defendants to be a contract; (c) defendants had a duty to construct slope in a manner prescribed in agreement; (d) defendants have failed to negate at least one of the essential elements of the count; (e) it is not barred by the statute of limitations.

█ To succeed in a breach of contract claim, Taryen must prove that (a) a contract existed between Taryen and defendants; (b) Taryen had certain rights and defendants certain obligations or duties under the contract; (c) defendants breached the contract; and (d) Taryen suffered damages therefrom. *Trotter's Corp. v. Ringleader Restaurants, Inc.*, 929 S.W.2d 935, 939 (Mo.App. E.D.1996).

Defendants contend that summary judgment was proper because they owed no duty to Taryen under the slope easement. The slope easement, granted in favor of defendants, provided that defendants "shall have the right to use said grading and the slope easement for the purpose of reshaping, contouring, altering and maintaining the slope desired by [defendants] between the Taryen Property and the [defendants'] Property for a period of time not to exceed eighteen (18) months ..." and that "Said grading shall not exceed a three to one ratio, nor shall it hinder the Taryen Property for using the roadway easement as set out on the Janie Lee Subdivision ..." The easement does not require defendants to construct a slope, to use Taryen's property, or to use the easement, rather it merely grants defendants such right and sets out the conditions for exercising that right. Here, defendants did not use the Taryen slope easement to fill their land. Rather, they built a slope on their own land via easements from other adjacent property owners and that slope allegedly interfered with Tayren's access easement. Because defendants did not use the easement, they did not have the corresponding obligation as set forth in the easement. While Taryen may not have a claim for breach of the easement contract, it may have a claim against defendants for burden of its access easement. Because defendants have negated that they had an obligation to construct the easement, summary judgment was properly granted on Count III.

JUDGMENT AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

GARY M. GAERTNER, P.J. and JAMES R. DOWD, J., concur.