**C–H BUILDING ASSOCIATES, LLC., Respondent,**

v.

**Joe H. DUFFEY, et al., Appellant.**

**No. WD 71158.**

Missouri Court of Appeals, Western District.

May 18, 2010.

Michael P. Keleher and Michael T. Feeback, Gladstone, MO, for Appellant.

Thomas E. Hankins, Gladstone, MO, for Respondent.

Before: THOMAS H. NEWTON, C.J., JAMES M. SMART, JR., and CYNTHIA L. MARTIN, JJ.

THOMAS H. NEWTON, Chief Judge.

C–H Building Associates, LLC (C–H) sued Mr. and Mrs. Joe Duffey (the Duffeys) under three theories, including breach of contract based on an alleged lease in a commercial real estate sales agreement. After discovery, C–H filed a motion for summary judgment, which the trial court granted. The Duffeys appeal the trial court's summary judgment. We reverse and remand.

### Factual and Procedural Background

C–H entered a real estate sales contract with the Duffeys to purchase a commercial building. The contract contained the following language under the property description: "LEASE WITH LIBERTY HOMES TO BE 3 YEARS AT 3,000.00 PER MONTH TRIPLE NET ON THE NORTH APPROXIMATELY 2500 SQ. FT. OF BUILDING. . . . BUYER IS AWARE THAT SELLER IS A LICENSED REAL ESTATE AGENT IN THE STATE OF MISSOURI." Liberty Homes had been a tenant in the building for several years; Mr. Duffey owned a third of the entity.

C–H's owners signed the contract as the buyers. After the closing, Liberty Homes stopped paying rent to the Duffeys and started paying rent in the amount of $3,000[1] a month to C–H. C–H accepted all payments and was in negotiation with Liberty Homes for a three-year lease. After fourteen months, Liberty Homes moved out and stopped paying rent.

C–H and its owners sued the Duffeys under three counts. First, they alleged that the Duffeys committed fraud, deceit, and misrepresentation because they represented that a three-year lease with Liberty Homes existed when in fact there was no lease. Second, they alleged the Duffeys committed negligent misrepresentation because the Duffeys represented that C–H

---

1. The payments were not on a triple net basis, meaning Liberty Homes did not pay a pro rata share of the taxes, insurance, or common area maintenance.

would receive rental income from Liberty Homes based on a lease in conscious disregard of C–H's rights. Third, they alleged the Duffeys breached the contract because the Duffeys failed to produce a three-year lease on a triple net basis with Liberty Homes.

The Duffeys answered, denying the averments and asserting the doctrine of merger. Subsequently, C–H filed a motion for summary judgment on the breach of contract claim. The Duffeys responded by denying, admitting, and adding material facts. C–H replied, denying most of the additional material facts. After a brief hearing, the trial court granted the motion for summary judgment. C–H filed a notice dismissing the remaining claims without prejudice. The Duffeys appeal.

## Standard of Review

We review a trial court's decision to grant a summary judgment motion *de novo*. *Taryen Develop., Inc. v. Phillips 66 Co.*, 31 S.W.3d 95, 97 (Mo.App. E.D.2000). We use the same criteria for testing the propriety of summary judgment employed by the trial court in determining whether to grant the motion. *Id.* We view the record in the light most favorable to the non-movant. *Id.* (citing *ITT Commercial Fin. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). We also view reasonable inferences from the record in the light most favorable to the non-movant. *ITT*, 854 S.W.2d at 376.

## Legal Analysis

The Duffeys raise three points on appeal challenging the propriety of the summary judgment. They contend: (1) C–H failed to assert undisputed material facts establishing the Duffeys breached the contract; (2) a fact question existed about the meaning of undefined, material terms within the contract that were ambiguous; and (3) C–

H did not show that the Duffeys' affirmative defense was not viable. Since the first point is dispositive, we do not address the remaining two points.

To prevail on a motion for summary judgment, the moving party must show that there is no genuine dispute as to the material facts and that it is entitled to judgment as a matter of law. *Cosky v. Vandalia Bus Lines, Inc.*, 970 S.W.2d 861, 864 (Mo.App. S.D.1998) (citing Rule 74.04(c)). Thus, C–H had the burden "to show a right to judgment flowing from facts about which there is no genuine dispute." *Taryen Dev., Inc.*, 31 S.W.3d at 97 (internal citation omitted). Specifically, to prevail on a motion for summary judgment for a breach of contract claim, C–H was required to make a prima facie showing that there was no genuine dispute as to the material facts establishing: (1) the existence of a valid contract; (2) the defendants' obligation under the contract; (3) a breach by the defendants of that obligation; and (4) resulting damages. *See id. at* 104.

Our review of the motion for summary judgment shows C–H did not allege that the Duffeys had a contractual obligation. Rather, it quoted the following contractual provision:

Seller agrees to sell to Buyer and Buyer agrees to purchase from Seller the real estate described in Exhibit A . . . and all personal property used in the operation of the buildings . . . including the following: Lease with Liberty Homes to be 3 years at $3,000 per month triple net on the North approximately 2500 sq ft of building.

C–H alleged that Liberty Homes vacated the premises after paying rent for only fourteen months. In paragraph 17, it then alleged that a lease existed between it and Liberty Homes. In paragraph 28, C–H

alleged that the Duffeys owed $103,647.08 for breaching the contract, but did not allege any material facts depicting a breach by the Duffeys.

The quoted contractual language did not constitute an allegation of an obligation the Duffeys had to C–H concerning Liberty Homes' performance under the purported lease. Moreover, the absence of material facts depicting a breach by the Duffeys precludes an inference of any obligation. Nor can a breach be inferred from reading the allegations together. *Pub. Sch. Ret. Sys. of Mo. v. Taveau,* —— S.W.3d ——, —— (Mo.App. W.D.2010) (reading allegations and supportive evidence collectively to imply an undisputed material fact). Because C–H did not allege an obligation or allege undisputed material facts depicting a breach by the Duffeys, it failed to make a prima facie showing entitling it to a summary judgment. Because C–H failed to make a prima facie showing, the trial court improperly granted the summary judgment. *See Wilson v. Lodwick,* 96 S.W.3d 879, 885 (Mo.App. W.D.2002). The Duffeys' first point is granted.

### Conclusion

Therefore, we reverse the summary judgment and remand the case to the trial court for further proceedings.