**BANK OF AMERICA, N.A., Respondent,**

**v.**

**Gary REYNOLDS, Individually and d/b/a Gary Reynolds Farms, Appellant.**

**No. WD 73370.**

Missouri Court of Appeals, Western District.

Sept. 27, 2011.

9. The Estate's Motion for Sanctions, filed shortly before scheduled oral argument, was taken with the case and is denied.

John H. Edmiston, Warrensburg, MO, for appellant.

Richard Milone, Leawood, KS, for respondent.

Before Division Two: THOMAS H. NEWTON, Presiding Judge, CYNTHIA L. MARTIN, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Gary Reynolds appeals the trial court's entry of summary judgment against him in favor of Bank of America on its action to collect on a credit card debt. We reverse and remand.

### Factual Background

Plaintiff, Bank of America ("Bank"), filed its unverified "Petition on a Credit Card" against Gary Reynolds ("Reynolds") in the Circuit Court of Lafayette County, Missouri. Attached to that Petition was an affidavit signed by Jason Duff ("Duff"), an agent for the Bank, eight pages of unverified billing statements purportedly sent to Reynolds, and the Bank's unverified Visa Business Credit Card Disclosure.

Bank filed its Motion for Summary Judgment with a Memorandum in Support of Motion for Summary Judgment, which set forth what it alleged were seven uncontroverted facts. These facts were that:

1) Defendant applied for a credit card from the Plaintiff.

2) Defendant received a credit card from Plaintiff that is the subject of this dispute.

3) Defendant used the credit card, thereby becoming bound by the terms and conditions contained in the Agreement.

4) Defendant agreed to pay Plaintiff for all purchases made, services and cash advances to or for Defendant (or any person authorized by Defendant to use the card) to obtain goods, services and advances on credit.

5) Defendant did receive the benefit of Plaintiff paying various merchants and banks as obligated for all of Defendant's purchases, cash advances and balance transfers made with said credit card.

6) After giving Defendant credit for all payments and set offs, there remains due $3,095.42.

7) Defendant has failed to timely repay Plaintiff and, thus, Defendant has breached the agreement.

Bank attached to this Memorandum the unverified Platinum Visa Business Card Company Statement, the unverified Bank

of America Visa Business Credit Card Disclosure, and a copy of Duff's affidavit that was previously attached to the Petition.

Defendant submitted a Response to Uncontroverted Contentions of Fact and Suggestions in Opposition to Motion for Summary Judgment. In the Response, Reynolds denied each of Bank's factual allegations.

The trial court held a hearing on the motion on November 22, 2010, and granted the Bank's Motion for Summary Judgment. The court found Reynolds owed the Bank the principal sum of $3,095.42 together with the costs of the action.

Reynolds now raises one point on appeal.

## Standard of Review

The trial court makes its decision to grant summary judgment based on the pleadings, record submitted, and the law; therefore, this Court need not defer to the trial court's determination and reviews the grant of summary judgment *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993); Rule 74.04. In reviewing the decision to grant summary judgment, this Court applies the same criteria as the trial court in determining whether summary judgment was proper. *Id.* Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law. *Id.* The facts contained in affidavits or otherwise in support of a party's motion are accepted "as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* Only genuine disputes as

to material facts preclude summary judgment. *Id.* at 378. A material fact in the context of summary judgment is one from which the right to judgment flows. *Id.*

*Goerlitz v. City of Maryville,* 333 S.W.3d 450, 452 (Mo. banc 2011). "An abundance of caution must be exercised in granting a motion for summary judgment because it is an extreme and drastic remedy that borders on the denial of due process because the opposing party is denied its day in court." *Kuhn v. Budget Rent–A–Car of Missouri, Inc.,* 876 S.W.2d 668, 672 (Mo. App. W.D.1994). "To put a fact in genuine dispute and defeat the movant's prima facie case for summary judgment, the non-movant must make more than a general denial." *Pub. Sch. Retirement Sys. of Missouri v. Taveau,* 316 S.W.3d 338, 346 (Mo.App. W.D.2010) (citing Rule 74.04(c)(2)). "Rather, to place the facts in genuine dispute, the non-movant is required to make 'specific references to the discovery, exhibits or affidavits that demonstrate the specific facts showing that there is a genuine issue for trial.'" *Taveau,* 316 S.W.3d at 346 (quoting Rule 74.04(c)(2)).

However, even if the non-movant fails to properly respond to the motion, the motion is still properly denied if the moving party has not shown that they are entitled to judgment as a matter of law. *E.O. Dorsch Elec. Co. v. Plaza Const. Co.,* 413 S.W.2d 167, 170 (Mo.1967).

## Analysis

In his sole point on Appeal, Reynolds argues the trial court erred when it granted summary judgment against the defendant because the Bank failed to establish there was no genuine dispute as to the material facts which would enable it to

recover on its breach of contract claim in that Reynolds, through his answers to the Bank's first interrogatories, as well as his responses to the Bank's request for admissions, denied receiving the benefit of the Bank's paying various merchants and banks, denied owing $3,095.42 and denied having breached any agreement with the Bank, thus creating genuine issues in dispute which would preclude the granting of summary judgment.

■ The Bank's claim that Reynolds failed to pay his debt on his credit card is a simple claim for breach of contract. *See Citibank (South Dakota), N.A. v. Mincks,* 135 S.W.3d 545, 548 (Mo.App. S.D.2004). "A breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Military Acad.,* 304 S.W.3d 98, 104 (Mo. banc 2010) (citing *Howe v. ALD Servs., Inc.,* 941 S.W.2d 645, 650 (Mo.App. E.D.1997)).

Before the Bank can be entitled to summary judgment, it must prove its prima facie case. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 381 (Mo. banc 1993). To supports its factual allegations, the Bank, in its motion, must reference the pleadings, discovery, and affidavits. *Midwestern Health Mgmt., Inc. v. Walker,* 208 S.W.3d 295, 297 (Mo.App. W.D.2006) (citing *ITT Commercial Fin. Corp.,* 854 S.W.2d at 380. The Bank "had the burden 'to show a right to judgment flowing from facts about which there is no genuine dispute.'" *C–H Bldg. Associates, LLC v. Duffey,* 309 S.W.3d 897, 899 (Mo.App. W.D.2010) (quoting *Taryen Dev., Inc. v. Phillips 66 Co.,* 31 S.W.3d 95, 97 (Mo.App. E.D.2000) (internal citation omitted)).

"Only evidence that is admissible at trial can be used to sustain or avoid summary judgment." *United Petroleum Serv., Inc. v. Piatchek,* 218 S.W.3d 477, 481 (Mo.App. E.D.2007). "A number of foundational requirements must be met before a document may be received into evidence, including relevancy, authentication, the best evidence rule, and hearsay." *Ozark Appraisal Serv., Inc. v. Neale,* 67 S.W.3d 759, 766 (Mo.App. S.D.2002). Attached to the Bank's Motion for Summary Judgment are three exhibits. Exhibit One is a Platinum Visa Business Card Statement purportedly mailed to Gary Reynolds Farms. Exhibit One is not signed and is not supported by an affidavit, deposition, or other sworn testimony. Exhibit Two appears to be the Bank of America Visa Business Credit Card credit agreement. Exhibit Two is also not signed and not supported by an affidavit, deposition, or other sworn testimony. Exhibit Three is an affidavit by Jason Duff ("Duff"), an agent for Bank. In that affidavit, Duff avers that the agreement attached to the affidavit is a business record and is true and correct. However, Exhibit Three consists solely of one page and there is nothing attached.

■ Here, we have nothing that indicates that Exhibits One or Two are relevant, authentic or satisfy an exception to the hearsay rule. There is no evidence whatsoever that Exhibits One or Two are business records, or that they are even connected to Reynolds. The Credit Card Agreement is not even in Gary Reynolds's name and no additional evidence is in the record connecting the Gary Reynolds named in this suit to the Gary Reynolds Farms named in the agreement. Exhibit Three possesses no reference to the docu-

ments to which Duff is attesting. Given the record on summary judgment, the Bank has not met its prima facie case for a breach of contract by Reynolds, as there is no evidence admissible at trial to sustain summary judgment. *E.O. Dorsch Elec. Co. v. Plaza Const. Co.*, 413 S.W.2d 167, 170 (Mo.1967). The inconsistency in the Bank's own documents attached to the motion, in and of itself is sufficient to establish a genuine issue of material fact as to the existence of a contract between Reynolds and the Bank and genuine issue of material fact as to what the terms of any alleged contract may be between the parties.

Further, in his answers to the Plaintiff's First Interrogatories, Reynolds states, under oath, that he is not familiar with this credit card debt, and does not possess specific checks or other documentation relating to payments made on any credit card with the Bank. This interrogatory answer was cited in Reynolds response to the Bank's Motion for Summary Judgment. This is also sufficient to establish a genuine issue of material fact as to whether a contract even exists between Reynolds and the Bank. As explained above, the Bank has only provided evidence that a contract *may* exist with Gary Reynolds Farms. There is a genuine issue in dispute as to whether this Gary Reynolds, the defendant in the underlying action, has a contract with the Bank. Summary judgment can only be sustained if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *ITT Commercial Fin.*, 854 S.W.2d at 377. As there is a genuine issue of material fact to be decided, the grant of summary judgment was improper on this basis as well.

## Conclusion

The trial court's grant of summary judgment for the Plaintiff is hereby reversed and the cause is remanded to the trial court for further proceedings.

All concur.