Kurt S. Odenwald, Judge
I concur. The majority opinion correctly applies the law relating to the burden of both the movant and non-movant on a motion for summary judgment under Rule 74.04: I write separately to underscore the anomaly of this situation in which the non-movant fails to submit a timely response to the summary judgment, and therefore presents no evidence by affidavit or otherwise to establish the existence of any material fact; yet summary judgment fails. Here, Appellant did not controvert the statement of uneontroverted facts filed by Respondent with their motion for summary judgment, and yet we reverse the trial court’s entry of summary judgment.[1] In situations as this, summary judgment likely would be entered in favor of the movant because the non-movant’s failure to timely respond results in the admission of the facts set forth in the movant’s summary judgment motion under Rule 74.04(c)(2). See Jordan v, Peet, 409 S.W.3d 553, 558 (Mo. App. W.D. 2013).
But, as noted in the majority opinión, the party moving for summary judgment has the threshold burden to demonstrate its entitlement to summary judgment. Bank of Am., N.A. v. Reynolds, 348 S.W.3d 858, 860 (Mo. App. W.D. 2011). Here, the summary judgment evidence filed by Respondents included the complete deposition taken of Appellant. Although Respondents referenced only certain portions of Appellant’s deposition in their statement of uneontroverted facts, the deposition transcript filed by Respondents as part of the summary judgment record included Appellant’s testimony controverting Respondents’ own statement of uneontroverted facts, i.e., deposition testimony relevant to the Respondents’ knowledge of their dog’s propensity for knocking someone down. Respondents did not cite or otherwise refer to this portion of the deposition testimony in their statement of uneontroverted facts or other summary judgment pleadings. Respondents nevertheless controverted their own statement of uneontroverted facts when they included this deposition testimony in the record, and in doing so, Respondents failed to establish their right to summary judgment.
Appellant did not bring the deposition testimony at issue on appeal to the attention of the trial court. Mindful of a trial court’s role in an adversarial proceeding, a trial court is not required to independently review portions of the deposition not cited or otherwise referenced by the parties in the summary judgment proceedings. Nor should it. To do so places the trial court in the role of advocate. However, given our de novo standard of review of summary judgment, this Court reviewed the deposition testimony cited by Appellant on appeal, and properly concluded that such testimony precludes the entry of summary judgment.
*419 For that reason, I concur with the majority opinion to reverse the entry of summary judgment.

. As the majority opinion notes, the Appellant's summary judgment pleadings were untimely filed, and are therefore not part of the summary judgment record.